Commonwealth *v.* Werner, Appellant.

Argued March 20, 1970. Before WRIGHT, P. J., WAT-KINS, MONTGOMERY, HOFFMAN, SPAULDING, and CER-CONE, JJ. (JACOBS, J., absent).

*Louis Lipschitz,* for appellant.

*Parker H. Wilson,* First Assistant District Attorney, with him *Stewart J. Greenleaf* and *Paul W. Tressler,* Assistant District Attorneys, *William T. Nicholas,* Executive Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 11, 1970:

Judgments of sentence affirmed, and the defendant is directed to appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part thereof which has not been performed at the time the appeal was made a supersedeas.

DISSENTING OPINION BY HOFFMAN, J. :

Appellant was indicted and convicted on Bills Nos. 4, 4-1, and 4-2 of April Term, 1964. He received sentences of ten to twenty years on No. 4, two to four years on No. 4-1 to run consecutively with No. 4, and a suspended sentence on No. 4-2. After gaining a new trial, appellant was again tried and convicted on these bills. He received sentences of ten to twenty years on No. 4, *four to eight* years on No. 4-1 to run consecutively with No. 4, and a suspended sentence on No. 4-2.

The law with respect to sentences on retrial has been succinctly stated by the Supreme Court. "[W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons must be based upon objective information concerning *identifiable conduct* on the part of the defendant *occurring after the time of the original sentencing proceeding.*" *North Carolina v. Pearce,* 395 U.S. 711, 726, 89 S. Ct. 2072, 2081 (1969). See *Commonwealth v. Allen,* 217 Pa. Superior Ct. 59, 266 A. 2d 799 (1970) (dissenting opinion).

The only justification offered by the lower court for its increased sentence is the fact that a federal conviction, which was on appeal at the time of the first sentencing, was sustained subsequently. This does not rise to "identifiable conduct . . . occurring after the time of the original sentencing proceeding." On the contrary, there is every indication that this conviction, though on appeal, was taken into consideration.

I would reverse the sentence on Bill No. 4-1 of April Term, 1964, and reinstate the original sentence of two to four years to run consecutively with the sentence on Bill No. 4 of April Term, 1964.

MONTGOMERY, J., joins in this dissenting opinion.