Commonwealth *v.* Gaito, Appellant.

Submitted April 13, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Campbell,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 11, 1970:
Judgment of sentence affirmed.

─────────

DISSENTING OPINION BY HOFFMAN, J.:
This is an appeal from judgment of sentence after re-trial in the Criminal Court of Allegheny County. At the first trial, appellant received a sentence of 10

to 20 years on burglary, 3 1/2 to 7 years on assault with intent to kill, and 1 1/2 to 3 years for violation of the Uniform Firearms Act.

On re-trial, appellant received the identical sentences except that his sentence for violation of the Uniform Firearms Act was not suspended. I have noted in my dissenting opinions in *Commonwealth v. Allen*, 217 Pa. Superior Ct. 59, 266 A. 2d 799 (1970), and *Commonwealth v. Werner*, 217 Pa. Superior Ct. 78, 266 A. 2d 803 (1970), that due process requires that an appellant in similar circumstances, receive no more than the original suspended sentence on retrial unless "identifiable conduct on the part of [appellant] occurring after the time of the original sentencing proceeding" justifies a more severe sentence. The full analysis of this problem is found in *North Carolina v. Pearce*, 395 U.S. 711, 723-726, 89 S. Ct. 2072, 2080-2081 (1969).

Since no such indication appears of record I would remand this case to the lower court for the purpose of ascertaining whether any justification existed for this change in sentence. If no such justification appears, the suspended sentence should be reinstated.

MONTGOMERY and CERCONE, JJ., join in this dissenting opinion.