Commonwealth *v.* Jackson, Appellant.

Argued June 21, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Daniel C. Barrish,* Assistant Public Defender, for appellant.

*Stewart J. Greenleaf,* Assistant District Attorney, *Parker H. Wilson,* First Assistant District Attorney, *William T. Nicholas,* Executive Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 21, 1971:

On October 9, 1967, appellant was convicted by a jury of burglary, armed robbery and indecent assault. On February 26, 1969, he was sentenced on Bill No. 1188 to two-and-one-half to five years. Sentences on

Bill Nos. 1189 and 1190 were suspended. Subsequently, on March 19, 1969, the suspended sentence on Bill No. 1190 was revoked and a sentence of five to ten years imposed. The sentence was increased apparently because the court had an incorrect impression of the amount of backtime which appellant had remaining to be served at the time of sentencing.

In *Commonwealth v. Silverman*, 442 Pa. 211, 275 A. 2d 308 (1971), our Supreme Court held that the modification of a sentence imposed on a criminal defendant which increased the sentence constitutes double jeopardy. This prohibition against double jeopardy was given retroactive application in *Commonwealth v. Richbourg*, 442 Pa. 147, 275 A. 2d 345 (1971).

In the instant case, appellant's sentence on Bill No. 1190 was clearly modified and increased. Therefore, the sentence of March 19, 1969 is vacated, and the original suspension of sentence on the bill is reinstated.

WRIGHT, P. J., dissents.