Commonwealth *v.* Werner, Appellant.

Argued January 19, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

460

*Louis Lipschitz,* for appellant.

*Parker H. Wilson,* First Assistant District Attorney, with him *Stewart J. Greenleaf,* Assistant District Attorney, *William T. Nicholas,* Executive Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 12, 1971:

In 1964, appellant was convicted on charges of robbery, burglary and conspiracy and was sentenced to a term of imprisonment aggregating not less than twelve nor more than twenty-four years. He appealed the judgment of sentence to the Superior Court and, for reasons not here relevant, the Superior Court reversed the judgment of sentence and granted appellant a new trial. *Commonwealth v. Werner,* 206 Pa. Superior Ct. 498, 214 A. 2d 276 (1965). On retrial, appellant was once again convicted. His post-trial motions were de-

nied, and he was sentenced to terms of imprisonment aggregating not less than fourteen nor more than twenty-eight years. An appeal to the Superior Court resulted in an affirmance of the judgment of sentence by a divided court. *Commonwealth v. Werner,* 217 Pa. Superior Ct. 78, 266 A. 2d 803 (1970). We allowed an appeal.

Appellant raises five issues on appeal. He first contends that he was denied his constitutional right to a speedy trial by the delay of the Commonwealth in retrying him. The Superior Court had granted a new trial in November of 1965; in April of 1966, we denied the Commonwealth's petition for the allowance of an appeal. Appellant then filed pretrial discovery motions, which were denied in April of 1967 by the Court of Common Pleas and by the Superior Court and this Court in September of 1967. The case was then ready for trial, but it was not listed until December 9, 1968, some fifteen months later, and was not actually tried until several months thereafter. In addition to the seemingly inordinate delay by the Commonwealth in proceeding to trial, appellant argues that two defense witnesses who appeared at his first trial had died during the period of the delay and were, therefore, unavailable to him on the retrial. It is clear that criminal defendants have a right to a speedy trial. However, the mere fact that there is a lapse of what appears to be too long a period before trial does not entitle a criminal defendant to discharge, unless he was prejudiced as a result of the delay or suffered adverse consequences. Obviously, a criminal defendant should not suffer long imprisonment awaiting trial. Nor should he be required to suffer the anxiety and public suspicion attendant upon unresolved criminal accusations. Additionally, of course, he should not be required to suffer a time lapse so great that the means of establishing his innocence may be lost.

In the instant case, appellant was not incarcerated, and it is to be noted that between the time of the grant of a new trial by the Superior Court and the actual second trial, a long period of time was taken up in pretrial motions by the appellant and his appeal from their refusal. Nor is there any record support for appellant's contention that he tried repeatedly to have the matter set for trial between September of 1967 and December of 1968. The only thing which the record supports is a letter by appellant's counsel to the district attorney in September of 1968, calling the matter to the attention of the district attorney. The district attorney moved with dispatch thereafter to bring the matter to trial. The district attorney argues that it was by inadvertence on his part that the matter was not brought to trial earlier. The only matter which remains relative to this contention is whether appellant was prejudiced by the absence of witnesses who appeared on his behalf at the first trial, whose testimony, incidentally, was not sufficient to create a reasonable doubt in the minds of those jurors.

By law, the testimony of witnesses who have testified in criminal proceedings before a court of record and who have been subject to cross-examination is not lost if they should die before final resolution of the matter. The record of such testimony is competent evidence at a retrial of the same criminal issue. 19 P.S. §582, Act of May 23, 1887, P. L. 158, §3. In this case, the testimony of one of the deceased witnesses was, in fact, introduced at the second trial from the record of the first trial. In the case of the other witness, the evidence of his death was simply insufficient. The missing witness was one Allen First. Appellant attempted to prove his death by introducing the death certificate of one Allen Fry, who had died in California. Since the names were different and the ages and occupations

of First and Fry were at variance, the trial court was clearly within its discretion in refusing to accept the death certificate as evidence of the unavailability of the witness. Appellant's speedy trial argument is without merit, since the record discloses no prejudice to him in the delay between the first and second trials.

Appellant next complains that he was denied his constitutional right to a jury drawn from a group which represented a cross-section of the community. First of all, appellant has failed to present any facts which would convince us that the jury panel was selected in any manner which was violative of his rights. Moreover, Rule 1104(b) of the Pennsylvania Rules of Criminal Procedure requires that a challenge to the array of jurors shall be made not later than five days before the first day of the week the case is listed for trial. No such challenge was made in this case, nor has there been a showing that an opportunity did not exist prior thereto to make such a challenge.

Appellant also argues that the trial court erred in permitting the Commonwealth to introduce evidence of a prior conviction. Appellant's view is that Pennsylvania should adopt Model Code of Evidence Rule 106 (3) and Uniform Rule of Evidence 21, thereby prohibiting the introduction of prior convictions for purposes of impeachment, except when the defendant has introduced character evidence. Such adoption, however, has not occurred in Pennsylvania, and the law of this Commonwealth is clear that evidence of conviction of certain crimes, not too remote in time, may be introduced to impeach the credibility of a criminal defendant who has testified in his own behalf. The trial court, therefore, did not err in allowing the introduction of such evidence.

Appellant further complains that the Commonwealth failed to disclose to the defense certain informa-

tion in its possession, which was favorable to appellant, and that when appellant became aware of the existence of this information at trial, the court erred in refusing a continuance so that defense counsel could make a proper investigation of this new evidence. Our examination of the record fails to disclose that the material in the hands of the Commonwealth was in any way helpful to the defense. The material sought to be discovered was not the statement of a witness who testified against appellant, such as would be required to be disclosed. *Jencks v. United States*, 353 U.S. 657 (1957), *Commonwealth v. Kontos*, 442 Pa. 343, 276 A. 2d 830 (1971), *Commonwealth v. Smith*, 417 Pa. 321, 208 A. 2d 219 (1965). What was sought was the report of an investigating police officer, the contents of which, if discoverable, would not have been of aid to appellant. Moreover, the trial court did grant some time for an investigation, and refused a continuance when additional time was requested. In view of our conclusion that there was no information withheld which was of an exculpatory nature, the refusal of a continuance, if error, was harmless.

Finally, appellant argues that the imposition of a harsher sentence after retrial was improper. The United States Supreme Court, in *North Carolina v. Pearce*, 395 U.S. 711, 726 (1969), said: ". . . [W]e have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct *on the part of the defendant occurring after the time of the original sentencing proceeding*. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." (Emphasis supplied.)

In the instant case, the only rationale given for the increased sentence, and that rationale appears in the opinion of the court en banc, sur post-trial motions, was that a federal conviction which had been on appeal at the time of the first sentencing and not taken into consideration then, had been affirmed at the time of the second sentencing and was then properly taken into consideration. While factually, it is true that the conviction had been affirmed, this is not conduct on the part of the defendant which occurred *after* the time of the original sentencing proceeding. We conclude that the imposition of a harsher sentence after the retrial is constitutionally invalid, and we shall, therefore, vacate the judgment of sentence and remand to the trial court for the imposition of a valid sentence.

The order of the Superior Court is reversed, the judgment of sentence is vacated, and the record is remanded to the Court of Common Pleas, Criminal, of Montgomery County, for the imposition of sentence in accordance with the views expressed herein.

Mr. Justice JONES, Mr. Justice EAGEN, Mr. Justice ROBERTS and Mr. Justice POMEROY concur in the result.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.