Commonwealth *v.* Moore, Appellant.

Submitted March 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Harry L. McNeal, Jr.,* Assistant Public Defender, for appellant.

*Morrison B. Williams,* First Assistant District Attorney, and *Harold N. Fitzkee, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., March 27, 1973:

This is an appeal by the defendant-appellant, Charles T. Moore, from the imposition of a sentence of 2½ to 5 years imposed by the Court of Common Pleas, Criminal Division, of York County, after a plea of guilty to robbery while armed with an accomplice; wantonly pointing a deadly weapon; larceny and receiving stolen goods. At the time of the plea, he was represented by counsel.

The facts are as follows: On October 6, 1972, the defendant entered his plea of guilty and Judge SHADLE of the court below after pre-sentence investigation, sentenced him to imprisonment in a State Correctional Institution for a period of not less than 1½ years nor more than 3 years.

Immediately following the imposition of sentence, the defendant indicated that he desired to change his plea and attempted to explain his misconduct in a colloquy with the court as follows: "THE COURT: Is there anything you or he want to say on that subject? CHARLES T. MOORE: I'd like to say—yes, Your Honor. MR. RUTH: Go ahead. CHARLES T. MOORE: Judge, Your Honor, sir, I have a family out there, which I've had family problems that drug me into this matter, and I would appreciate—THE COURT: How does it drag you into this matter to hold up a stranger on the highway

the two of you, with rifles, because you had a quarrel with your wife; how does that explain or justify that? CHARLES T. MOORE: Well, sir, Your Honor, she had been giving me trouble ever since the first part of '70; because I know what it is for a child to come up without a father, because I had to come up without one myself. And I asked my wife to be kind enough to go back, even with the words that I called her the day that these problems occurred. And like I say, I have a family out there. I love my wife. I have three children; I have three children underage at home. And I certainly would appreciate being with them. THE COURT: You want me to turn you loose as a result of this offense? CHARLES T. MOORE: Sir, I have a nervous condition. I've been in the state hospital, and I've been under doctor's care the one time I been there. Actually, sir, I just can't do the time. I'll be honest with you. My nerves are gone. THE COURT: You should have thought about that before you did this, shouldn't you? CHARLES T. MOORE: Sir, Your Honor, I've been nervous. Like I say, I was in the state hospital for a nervous breakdown in the first part of '70—in the Fall of '70."

The court directed that the guilty plea be withdrawn and noted that "Apparently, we misjudged the situation so far as the attitude of the defendant and his capacity for rehabilitation." and that "the facts disclosed before us today do not warrant the imposition of a sentence of the same type in the event that the defendant is convicted in the future." On November 20, 1972, the defendant attempted to re-enter his guilty plea and the court below refused to accept it and noted for the record: ". . . that the court will not make any commitment as to sentence and will feel free to impose the maximum sentence on each count of the indictment."

On December 26, 1972, a guilty plea was again tendered and this time accepted, but the court stated that

"Appellant's attitude has demonstrated that he needs an additional period of time for rehabilitation." and imposed a sentence of 2½ to 5 years. This appeal followed.

The appellant contends that it is not clear whether the court's increase of sentence following the second guilty plea constitutes a modification of the original sentence or a re-sentencing. Rule 320, Pennsylvania Rules of Criminal Procedure, authorizes the court to allow the withdrawal of a guilty plea prior to sentencing. However, it makes no mention of withdrawal following the imposition of sentence. The first question raises a doubt as to the power to permit the withdrawal of the first plea so that it amounts only to a modification of the sentence.

However, the appellant contends if we were to consider the colloquy hereinabove cited concerning the emotional, and home situation as some sort of post-conviction proceeding upon which the court based his decision to permit the withdrawal of the guilty plea after sentence, it would be similar to a situation where a person following conviction and sentencing was granted a new trial, convicted again, and sentenced to a greater term of imprisonment than originally imposed. In either of these situations, the re-sentencing was unlawful.

In *Commonwealth v. Silverman,* 442 Pa. 211, 275 A. 2d 308 (1971). The Supreme Court of Pennsylvania made it clear that a trial court has no authority to modify a sentence so as to increase the penalty to which the defendant was subject. See also, *Commonwealth v. Jackson,* 220 Pa. Superior Ct. 395, 281 A. 2d 740 (1971).

In the instant case, we have already hereinabove given the colloquy which contains the only information appearing on the record at the time of the original plea and its withdrawal. At the second sentencing, the only

statement of the court on record is "Appellant's attitude has demonstrated that he needs an additional period of time for rehabilitation."

The seriousness of the crime was before the court at the time of the first sentence, i.e., ". . . held up a stranger on the highway with rifles". We agree with the appellant that the record is devoid of any ". . . Objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." appearing on the record so that the court could not impose a more severe sentence. *Commonwealth v. Werner,* 444 Pa. 458, 464, 282 A. 2d 258 (1971); *North Carolina v. Pearce,* 395 U.S.711, 23 L. ed. 2d 656, 89 S. Ct. 2072 (1969).

The sentence of 2½ to 5 years imposed on the defendant on December 26, 1972, is vacated and the sentence of 1½ to 3 years imposed on October 6, 1972, is reinstated.

WRIGHT, P. J., would affirm on the opinion of the court below.