## Commonwealth *v.* Gaito, Appellant.

Submitted November 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*John J. Dean* and *J. Graham Sale, Jr.,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Eberhardt* and *J. Kent Culley,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., March 27, 1973:

Appellant Frank Gaito was, after new trial granted by the Pennsylvania Supreme Court in 1966 (422 Pa. 171), retried and again found guilty of all three charges placed against him (burglary, assault with intent to kill, and violation of Uniform Firearms Act of 1939). The sentences which followed this retrial were identi-

cal with those imposed after the first trial except that the previously suspended sentence for violation of the Uniform Firearms Act was this time ordered to be served consecutively after the sentence on the charge of assault with intent to kill.

Appeal to this court for relief was denied (217 Pa. Superior Ct. 125), and the Pennsylvania Supreme Court denied allocatur. Thereafter defendant petitioned the United States District Court for the Western District of Pennsylvania (71-694 Civil Action) for a writ of habeas corpus. District Court Judge TEITELBAUM, after hearing, entered an order vacating the sentence for violation of the Uniform Firearms Act because the harsher sentence on the retrial of that charge had been imposed without compliance with the United States Supreme Court decision in *North Carolina v. Pearce*, 395 U.S. 711 (1969). Judge TEITELBAUM did, however, allow the sentencing court sixty days within which to resentence the defendant pursuant to that decision. Accordingly, the trial court upon resentencing entered the following statement of record: "The Court: Well, the court is going to sentence you as I did before to serve a term of not less than one and a half years or more than three years in the custody of the Bureau of Correction. Now, so that we comply with the ruling of the Federal Court, we are doing this: Rather than suspending the sentence as Judge CLARKE did, the court now is saying that due to your manner and your demeanor and your conduct prior and during the course of the trial, I think you committed an act of perjury and I think you suborned the perjury of Roosevelt Cunningham, and your general conduct during the course of the trial is the reason for the court not suspending the sentence as did Judge CLARKE. So, the record now shows the reason for the different sentence."

The question now is whether this statement by the sentencing court constituted compliance with the decision in *North Carolina v. Pearce,* supra. It is our opinion that it clearly does not. The United States Supreme Court in *North Carolina v. Pearce,* supra, held: ". . . whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." and that: "[T]hose reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." The statement of the sentencing judge in this case fails to meet these tests. The court refers to the defendant's "manner and demeanor and conduct prior and during the course of the trial" but does not supply any objective information concerning identifiable conduct or factual data as to the particular conduct the court was relying on as justification for its increase of sentence. As a result, the legitimacy of the court's action cannot be tested. The court also states: "I *think* you committed an act of perjury and I *think* you suborned the perjury of Roosevelt Cunningham". (Emphasis supplied) These statements represent the trial judge's mere conjecture, and even such conjecture is not supported by the placing of record any factual data or objective information concerning identifiable conduct forming the basis of the court's opinion.

The trial court's perfunctory statement of its mere conclusions clearly did not meet the requirements of the Supreme Court's holding in *North Carolina v. Pearce* as quoted above.

Accordingly, the February 14, 1969 sentence of one-and-one-half to three years imposed at No. 48 April Term, 1959 for violation of the Uniform Firearms Act is hereby vacated unless the trial court resentences the appellant in accordance with this opinion within thirty (30) days of its filing.

WRIGHT, P. J., and WATKINS, J., dissent.