## Commonwealth v. George

*Samuel C. Ranck,* District Attorney, for Commonwealth.

*Andrew K. Parker,* for defendant.

KIVKO, *P.J.,* January 2, 1976—Defendant, Lester George, has filed a motion for a new trial and in arrest of judgment after a jury entered a verdict against him on a charge of public indecency. The only question raised on the motion meriting consideration is defendant's contention that his objection to Commonwealth's evidence of a specific act of alleged indecency committed five years prior to trial should have been sustained.

The evidence was offered in rebuttal after defendant took the stand and offered character witnesses. The Commonwealth, through one of its witnesses, introduced evidence of a specific act similar to the one with which he was charged, although he was neither convicted, tried nor even arrested for the prior conduct and although the prior misconduct occurred five years earlier.

It is proper to ask character witnesses for defendant on cross-examination "whether or not they ever heard persons in the neighborhood attribute particular offenses to the defendant": Commonwealth v. Jenkins, 413 Pa. 606, 198 A.2d 497 (1964). The term "offenses" includes arrests whether or not they were convictions: Commonwealth v. Amos, 445 Pa. 297, 284 A.2d 748 (1971). But if the offenses, even if they resulted in convictions, are remote in time, they are irrelevant and inadmissible: Commonwealth v. Werner, 444 Pa. 458, 282 A.2d 258 (1971): Flowers v. Green, 420 Pa. 481, 218 A.2d 219 (1966).

In the instant case, the subject of prior misconduct was introduced not by cross-examination of defendant or of his character witnesses, but by Commonwealth's examination of its own witness. The event occurred at a remote time. It led to no arrest. It was not relevant and not admissible. Its intent to attack the credibility of defendant and his character witnesses and its admission was prejudicial to defendant. We, therefore, enter the following

## ORDER

And now, January 2, 1976, the motion of Lester George for a new trial is hereby granted.