627 A.2d 281

**COMMONWEALTH of Pennsylvania**

v.

**Amrit LAL, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 25, 1992.

Decided June 23, 1993.

Reargument Denied Aug. 4, 1993.

Amrit Lal, pro se.

Jeffrey Sommer, for appellee.

Before McGINLEY and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Amrit Lal appeals from the judgment of sentence imposed by the Court of Common Pleas of Chester County after that court found Lal guilty of violating various provisions of the Code of the Borough of West Chester (Borough).[1]

Lal is the owner of two rental properties which are involved in this appeal. William Miller, a housing inspector of the Borough, conducted inspections of the two properties and discovered numerous violations of the Borough Code. Both properties were in a general state of disrepair and lacked hardwired smoke detectors as required by the Code. Miller sent Lal certified letters informing him of the violations and

---

1. In addition to the February 13, 1992, judgment of sentence, Lal's notice of appeal states that he is appealing "from the trial held on November 21, 1991" and the order "of sentence made on December 2, 1991...." The first, which was the court's guilty verdict, is interlocutory and thus not appealable. The second order, where sentence was imposed, was vacated by the trial court. We also note that Lal, in his brief, mentions an "appeal" from an order issued on March 16, 1992. This record, however, does not contain a notice of appeal referring to that order and Lal's argument with regard to it cannot be considered.

notifying him that he had thirty days to correct the deficiencies. Lal requested an extension of time to comply and that request was granted. Upon reinspection, Miller discovered that Lal had done no work on either property. Miller then issued four citations, two for the failure to repair the numerous deficiencies and two for the failure to install a hardwired smoke detector. A district justice convicted Lal of all four violations in June 1991.

Lal appealed to the Court of Common Pleas of Chester County. At a trial de novo held on November 21, 1991, Miller testified on behalf of the Borough; Lal testified in his own behalf. Following the presentation of all of the evidence, the court indicated that it was finding Lal guilty "of those violations." (Notes of testimony, 11/21/91, p. 48.) Without giving Lal the opportunity to file post-verdict motions, the court sentenced Lal on December 2, 1991. The court stated, "You have until Friday to pay the $1000.00 I can talk about here. We are imposing that as a fine. And if that money is not paid by Friday, that's 30 days in jail, okay? Get it in." (N.T., 12/2/91 [2], pp. 12–13.)

On December 5, 1991, Lal filed a petition to modify and vacate the sentence, claiming, *inter alia,* that he had been denied the right to file post verdict motions. That same day, the court vacated the sentence and indicated that Lal had ten days to file post-verdict motions. On December 16, 1991, Lal sought an extension of time to file his post-verdict motions but the trial court denied that request. Lal filed post-verdict motions on December 27, 1991.

At sentencing proceedings held on February 13, 1992, the trial court indicated that the post verdict motions were untimely and would not be considered. The court sentenced Lal as follows:

What I think I'll do is, on each violation impose a fine of $750. And I'll give you 30 days to pay that $1500 plus any court costs. And if those sums are not paid within the next

**2.** The transcript in the original record indicates the date of the proceedings as December 2, 1992, an obvious typographical error.

30 days, you are sentenced to 30 days in jail for each of the two violations. That's for a total of 60 days if they are not paid.

(N.T., 2/13/92, p. 9.) Lal then filed another motion to modify or vacate the sentence which was denied.

On appeal to this court,[3] Lal alleges a number of errors, some of which pertain to the propriety of the actual convictions and the remainder of which pertain to the propriety of the sentence imposed. All arguments concerning the propriety of the convictions, however, need not be considered because Lal has waived them. As already noted, the trial court refused to consider those motions, concluding that they were not filed in a timely manner. Pa.R.Crim.P. 1123(a) provides in pertinent part, "Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment." In this case, the court vacated its original sentence in an order of December 5, 1991 which specified that Lal had ten days to file post-verdict motions. In his request for an extension of time to file the post-verdict motions, Lal admits that he received notice of the order on December 12, 1991, the same day the order vacating the sentence was docketed. December 22, 1991 was a Sunday, thus allowing Lal to file the motions in a timely fashion on December 23, 1991. Lal, however, did not file the motions until December 27, 1992. Those arguments, all of which concern the propriety of the convictions, are waived and may not be considered on appeal.[4]

Lal presently raises four issues which concern actual sentencing. He first argues that the sentence imposed on December 2, 1991 was illegal for a number of reasons. The

3. We have jurisdiction of this appeal pursuant to 42 Pa.C.S. § 762(a)(4), which mandates that this court hear appeals of *criminal convictions* where conduct is properly made a crime by a local ordinance.

4. When untimely post-verdict motions are filed, the issues presented therein are preserved for appellate review when the trial court chooses to address those arguments on the merits. *Commonwealth v. Ramin*, 390 Pa.Superior Ct. 591, 568 A.2d 1329 (1990).

trial court vacated that sentence and all of Lal's arguments concerning it are moot.

■ He next argues that the sentence imposed on February 13, 1992, was illegal because the trial court failed to inform him that he had a right to file a motion to modify the sentence within ten days and that he had a right to appeal within thirty days. While it is true that the court failed to so inform Lal, we must note that Lal filed a motion to modify the sentence which was denied; he also filed the appeal to this court. Given these facts, any error committed by the trial court in this regard is harmless.

Lal argues further that the trial court violated Lal's rights when it increased his fines from $1000 to $1500 at the second sentencing in February 1992. We believe that Lal's argument is correct and the February 13, 1992 sentence must be vacated.

In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the court stated:

Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such retaliatory motivation on the part of the sentencing judge.

In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant *occurring after the time of the original sentencing proceeding.* And the factual data upon which the increased sentence is based must be made part of the record, so that constitution-

al legitimacy of the increased sentence may be fully revealed on appeal.

*Id.* at 725–26, 89 S.Ct. at 2081 (emphasis added). While *Pearce* dealt with an increased sentence following the grant of a new trial, the Superior Court has held that the same rationale applies where the original sentence is vacated and the second sentence is imposed without an additional trial. *Commonwealth v. Greer,* 382 Pa.Superior Ct. 127, 142 n. 7, 554 A.2d 980, 987 n. 7 (1989).

The record makes clear that the trial court imposed a more severe sentence on February 13, 1992.[5] As a part of the Chester County record in this matter are two pages entitled "Chester County Courts Informational System Case Display" which contains the following language concerning the original sentence, "Summary verdict guilty, Summ. Appeal Sentencing, Ct A (217 E. Nields St) $452.29 Fine, Costs—Ct A (305 S. Matlack St) $452.29 Fine, Costs".[6] That same document contains the following pertaining to the February 13, 1992 sentence imposed:

Fine and Costs, S/A sent, Ct A $750 Fine, Costs, Pay all sums w/in 30 Da, Ct B Amended (Violation of Borough Code–305 S. Matlack St), $750 Fine, Costs, Pay all sums w/in 30 Da, if Fine and Costs are not paid w/in 30 Da Def will face a period of incarceration.

Although the record entries in this matter are less than a model of clarity, it is readily apparent that the trial court increased the sentence imposed upon Lal at the second sentencing proceeding.

As we have already mentioned, an increase in a sentence does not in all cases violate the due process clause of the Fifth Amendment; if the increase is the result of judicial vindictiveness, the increased sentence cannot stand. *Pearce.* Furthermore, the trial court is required to rebut the presump-

**5.** The Borough argues in its brief that Lal was sentenced to pay fines of $1000.00 on each property but the record and the docket entries belie this contention.

**6.** We are aware that all of the parties in this case speak of a fine of $1000. We are unable to explain this discrepancy.

tion of vindictiveness. *Commonwealth v. Walker*, 390 Pa. Superior Ct. 76, 568 A.2d 201 (1989), *petition for allowance of appeal denied*, 527 Pa. 645, 593 A.2d 418 (1990). Additionally, except in limited circumstances [7], the increased sentence must be based upon events *occurring after the imposition of the original sentence. Pearce; Commonwealth v. Moore*, 225 Pa.Superior Ct. 264, 302 A.2d 396 (1973).

In the present case, we are convinced that the second sentence cannot withstand constitutional scrutiny. The trial court offered no explanation for increasing the amount of the fines. In fact, a review of the transcript of the February 13, reveals that the attorney for the Borough focused upon Lal's recalcitrance in paying fines imposed for numerous *previous* violations of the Borough's Code. While we believe that Lal's previous actions are relevant at sentencing, all such facts could and should have been considered when the court imposed fines of either approximately $900.00 or $1000.00.[8] There is no evidence in this record nor any explanation from the trial court for the increase in the fines. Since the *Pearce* presumption of vindictiveness cannot be rebutted, we are compelled to vacate the February 13, 1992 judgment of sentence and order the reimposition of the sentence imposed on December 2,

[7]. When the trial court refuses to apply a mandatory minimum sentence and the Commonwealth successfully exercises its appeal rights on the question, the increased sentence does not violate the Fifth Amendment. *Commonwealth v. Sojourner*, 513 Pa. 36, 518 A.2d 1145 (1986). Furthermore when a sentencing court wishes to preserve the integrity of a sentencing scheme and unique circumstances prevent that from being done without imposing a harsher sentence, the imposition of a harsher sentence does not violate the Fifth Amendment. *Walker. But see Commonwealth v. Allen*, 443 Pa. 96, 277 A.2d 803 (1971).

[8]. As this matter is being remanded, this problem must be resolved and the actual sentence imposed must be made clear. While the rule in this Commonwealth is that an increased sentence is not permitted to correct "a slip of the tongue" by the sentencing judge, *Allen*, it has been held that a court is permitted to correct a clerk's error in entering information on the docket. *Commonwealth v. Meyer*, 169 Pa.Superior Ct. 40, 82 A.2d 298 (1951). *But see Commonwealth v. Thomas*, 219 Pa.Superior Ct. 22, 280 A.2d 651 (1971); *Commonwealth v. Kubiac*, 379 Pa.Superior Ct. 402, 550 A.2d 219 (1988), *petition for allowance of appeal denied*, 522 Pa. 611, 563 A.2d 496 (1989).

374

1991.[9]

Vacated and remanded.

## ORDER

AND NOW, this 23rd day of June, 1993, the judgment of sentence imposed in the Court of Common Pleas of Chester County on February 13, 1992 at No. 2922–91 is vacated and the matter is remanded for reimposition of the judgment of sentence of December 2, 1991.

Jurisdiction relinquished.

9.   Because of our disposition of this case on these grounds, we need not address Lal's contention that the February 13, 1992 sentence was illegal because it provided for Lal's imprisonment on non-payment of the fine without providing him with a hearing on the question of his ability to pay the fine.