J-S73027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| PAMELA JEAN ROUTHIER, | : : | |
| Appellant | : | No. 650 MDA 2017 |

Appeal from the Judgment of Sentence December 2, 2015
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004740-2013

BEFORE: OLSON, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.: **FILED MAY 09, 2018**

Appellant Pamela Jean Routhier appeals from the Judgment of Sentence imposed after a jury found her guilty of, *inter alia*, Homicide by Vehicle While Driving under the Influence ("DUI").[1] She challenges the discretionary aspects of her sentence. Based on a determination that the trial court erroneously merged offenses for purposes of sentencing, we vacate the Judgment of Sentence and remand for resentencing.

The facts, as gleaned from the certified record, are as follows. On August 23, 2013, while driving drunk, Appellant hit Daniel Shirey who was walking alongside the road. Mr. Shirey died from his injuries two days later. The Commonwealth charged Appellant with Homicide by Vehicle and related DUI offenses.

_____

[1] 75 Pa.C.S. § 3735(a).

_____

* Retired Senior Judge assigned to the Superior Court.

A jury trial commenced on September 28, 2015. On October 1, 2015, the jury found Appellant guilty of the following offenses:

Count 1 - Homicide by Vehicle While DUI;

Count 2 - Homicide by Vehicle;

Count 3 - Involuntary Manslaughter;

Count 4 - Aggravated Assault by Vehicle While DUI;

Count 5 - Aggravated Assault by Vehicle;

Count 6 - DUI - General Impairment;

Count 7 DUI - High Rate of Alcohol;

Count 8 - Recklessly Endangering Another Person; and

Count 10 - Careless Driving.[2]

The court ordered a pre-sentence investigation report, deferred sentencing to November 6, 2015, and permitted Appellant to remain free on bail to get her affairs in order.

While out on bail, Appellant crashed her vehicle on October 16, 2015, totaling her car and causing injury only to herself. On November 5, 2015, the Pennsylvania State Police ("PSP") filed a Criminal Complaint charging

---

[2] 75 Pa.C.S. § 3735(a); 75 Pa.C.S. § 3732(a); 18 Pa.C.S. § 2504(a); 75 Pa.C.S. § 3735.1(a); 75 Pa.C.S. § 3732.1(a); 75 Pa.C.S. § 3802(a)(1); 75 Pa.C.S. § 3802(b); 18 Pa.C.S. § 270; and 75 Pa.C.S. § 3714, respectively. The court also imposed restitution and fines, and convicted Appellant of related summary offenses in a separate bench trial.

Appellant with DUI and related offenses in connection with that one-car crash.[3] The Commonwealth did not receive the criminal information until November 12, 2015.

On November 6, 2015, the court held a sentencing hearing near the end of which defense counsel informed the court, "as a bit of housekeeping," that Appellant "was in a car accident a few weeks ago; not her fault." N.T. Sentencing, 11/6/15, at 17. Neither defense counsel nor Appellant informed the court of the exact circumstances of that accident, nor of the criminal information that had been filed just the day before.

The Commonwealth requested that the court impose the mandatory sentence of 3 to 10 years' incarceration on the Homicide by Vehicle While Driving DUI, and told the court that "all charges will merge for sentencing purposes with Count 1, that being Homicide by Vehicle While DUI, with the exception of Counts 9 and 10." N.T. Sentencing hearing, 11/6/15, at 4. The Commonwealth later amended its merger comment to state that "careless driving would merge in with [*sic*] the reckless driving element for homicide by vehicle while DUI so Count 10 would also merge[.]" ***Id***. at 13-14.

---

[3] In the Criminal Complaint, Trooper James Green alleged that when he arrived at the scene of the accident on October 16, 2015, Appellant exhibited signs of intoxication and admitted to drinking four beers prior to driving. A breath test performed on the scene tested positive for the presence of alcohol. Approximately two hours after the accident, a blood test performed at the hospital revealed that Appellant had a blood alcohol content of .113%. ***See*** Affidavit of Probable Cause, signed November 5, 2015.

The court then sentenced Appellant on Count 1, Homicide by Vehicle While DUI, to 3 to 10 years' incarceration. *See* 75 Pa.C.S. § 3735(a) (providing mandatory minimum of three years for a Homicide by Vehicle while DUI conviction). The sentencing Order dated November 12, 2015, indicates that Counts 2 – 8 and 10 merged with Count 1, Homicide by Vehicle While DUI, for sentencing purposes.

On November 16, 2015, the Commonwealth filed a timely Motion to Modify Sentence, stating that on November 12, 2015, it had received the Criminal Complaint filed by the PSP charging Appellant with another DUI in connection with the October 16, 2015 car crash.[4] The court held a hearing on December 2, 2015, and granted the Commonwealth's Motion based upon the fact that neither the Commonwealth nor the court knew at the time of sentencing that Appellant had committed another DUI violation while out on bail, which was relevant to its sentencing decision. The court then vacated its November 6, 2015 sentence, and imposed a sentence of 4 to 10 years' incarceration with the same restitution and fines.

Appellant did not appeal at that time. She subsequently filed a PCRA Petition *pro se*, which she amended after the appointment of counsel, seeking reinstatement of her post-sentence and direct appeal rights *nunc pro tunc*. The court granted the relief requested on February 21, 2017.

_____

[4] Pursuant to Pa.R.Crim.P. 721, the Commonwealth may file a Motion to Modify Sentence no later than 10 days after sentence.

Appellant filed a Post-Sentence Motion on March 1, 2017, which the trial court denied on March 16, 2017. Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

Whether the Trial Court erred in denying Appellant's Post-Sentence Motion where the court reconsidered and increased Appellant's sentence based on facts that occurred prior to the imposition of the original sentence and therefore contrary to Pennsylvania law as set forth in *Commonwealth v. Lal*, 627 A.2d 281, 285 (Pa. Cmwlth. 1993) and *Commonwealth v. Moore*, 302 A.2d 396 (Pa. Super. 1973) and progeny?

Appellant's Brief at 4.

Appellant argues that the court acted with vindictiveness in modifying her sentence because the second DUI did not occur after sentence was imposed in the instant case. *See* Appellant's Brief at 14-15, 18 (citing *Commonwealth v. Lal*, 627 A.2d 281, 285 (Pa. Cmwlth. 1993), and *Commonwealth v. Moore*, 302 A.2d 396 (Pa. Super. 1973)). Such a claim challenges the discretionary aspects of her sentence. *Commonwealth v. Robinson*, 931 A.2d 15, 21 (Pa. Super. 2007) (*en banc*). Because we must vacate the Judgment of Sentence based on the legality of the sentence as described below, we will not address this issue.

Although neither party raised the issue of merger on appeal, we must address the illegality of Appellant's sentence. Our judicial code provides that "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are

included in the statutory elements of the other offense." 42 Pa.C.S. § 9765. "Sentencing issues relating to a court's statutory authority to impose sentence implicate [the] legality of sentence." **Commonwealth v. Foster**, 17 A.3d 332, 342 (Pa. 2011). This issue is not waivable and can be raised by an appellate court *sua sponte*. **Commonwealth v. Walker**, 362 A.2d 227, 230 n. 3 (Pa. 1976).

"The current state of merger law in Pennsylvania makes clear that there is no merger if each offense requires proof of an element the other does not." **Commonwealth v. Quintua**, 56 A.3d 399, 401 (Pa. Super. 2012). In **Commonwealth v. Neupert**, 684 A.2d 627, 629 (Pa. Super. 1996), this Court held that Homicide by Vehicle and Homicide by Vehicle/DUI do not merge because each requires proof of an element which the other does not have. Likewise, in **Commonwealth v. Silay**, 694 A.2d 1109, 1119 (Pa. Super. 1997), we held that the offenses of Recklessly Endangering Another Person and Homicide by Vehicle While DUI do not merge for purposes of sentencing.

Here, the court concluded that all of Appellant's convictions, including Homicide by Vehicle and Recklessly Endangering Another Person, merged with Homicide by Vehicle While DUI for purposes of sentencing. **See** Sentencing Order, dated 11/12/15; Trial Ct. Op., filed 7/20/17, at 3 n.3. While some of the convictions may have merged with others, as the above case law indicates,

not all of them merged with the Homicide by Vehicle While DUI conviction for purposes of sentencing.

Accordingly, the appropriate course of action is to vacate the sentence imposed and remand for resentencing. However, we do not suggest any resentencing scheme to the trial court.

Conviction affirmed. Judgment of Sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2018