**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Dow L. JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 2004.
Filed Sept. 24, 2004.

Aaron C. Finestone, Philadelphia, for appellant.

Hugh J. Burns, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: BOWES, BECK and KELLY, JJ.

OPINION BY BECK, J.:

¶ 1 Appellant Dow Johnson appeals from the Judgment of Sentence entered by the Court of Common Pleas of Philadelphia County after his convictions by a jury of burglary, attempted theft, and conspiracy. After a previous appeal to this Court, we vacated appellant's sentence and remanded for resentencing. Appellant now claims that upon resentencing, the sentencing court improperly doubled his initial sentence by changing the sentences from concurrent to consecutive. For the reasons that follow, we conclude that the sentencing court erred, and we vacate and remand once again for resentencing.

¶ 2 At the outset we note that between appellant's initial appeal to this Court and the subsequent remand to the lower court, the entire certified record of appellant's original trial and sentencing has disappeared. The only certified record before us is a "dummy file" created on remand, the contents of which consist solely of documents related to appellant's resentencing and subsequent appeal. Appellant asserts in his brief that his counsel attempted to obtain the case file from both this Court's Prothonotary and from the Office of the Clerk of Quarter Sessions, and that it could not be found in either location. We likewise attempted to locate the file through both offices, and have concluded that the original record is, in fact, lost.

¶ 3 This Court may only consider facts duly certified in the record on appeal. Pa.R.A.P. 1911, 1921; *Commonwealth v. Young,* 456 Pa. 102, 114–15, 317 A.2d 258, 264 (1974) (citation omitted). However, as the absence of the full certified record appears to be due to a breakdown in the court system, appellant should not be prejudiced by this error. *See Commonwealth v. Williams,* 552 Pa. 451, 462, 715 A.2d 1101, 1106 (1998). Therefore we will look to this Court's memorandum decision in appellant's prior appeal for the procedural and substantive facts and history of this case. Additionally, we granted a Commonwealth Motion to supplement the certified record to include a transcript, provided by the Philadelphia District Attorney, of appellant's original sentencing hearing. Finally, appellant includes in his brief copies of microfilm of documents from his original sentencing, which he obtained from the Clerk of Quarter Sessions and which appear to be the bills of information. As the Commonwealth does not dispute appellant's reliance on these documents, we have *sua sponte* directed that these documents be certified to supplement the record before us.

¶ 4 Appellant and a codefendant were tried before a jury on April 12 and 16, 2001, and found guilty of burglary, attempted theft, and conspiracy. *Commonwealth v. Johnson,* No. 2573 EDA 2001,

unpublished memorandum at 1, 828 A.2d 399 (Pa.Super. filed Apr. 7, 2003). On June 13, 2001, appellant was sentenced to a term of 3–8 years' imprisonment on the burglary conviction and 3–8 years' imprisonment on the conspiracy conviction. He was also sentenced to a consecutive term of 5 years' probation for the attempted theft conviction. *Id.* at 1–2. On direct appeal, this Court vacated the Judgment of Sentence for attempted theft, concluding that the counts of theft and burglary should have merged for sentencing purposes. *Id.* at 12. Significantly, we remanded for resentencing on all charges, concluding that our disposition upset the lower court's sentencing scheme. *Id.* at 13.

¶ 5 A new sentencing hearing was held on May 21, 2003. N.T. Resentencing, 5/21/2003. Appellant was resentenced to three to eight years' imprisonment on each count of burglary and conspiracy, to run consecutively. *Id.* at 5–6.

¶ 6 Appellant asserts that the sentencing court doubled his sentence without justification when it resentenced him on remand to serve consecutive terms, rather than what appellant claims were originally concurrent terms. He contends that this was due to a breakdown of the judicial system—specifically, the fact that the Quarter Sessions file from appellant's original trial and sentencing was not available to the sentencing court. He further argues that the lower court erred in failing to (1) refer to the presentence report, (2) make a statement explaining its sentence, and (3) advise him of his rights to post-sentence review.

■ ¶ 7 Preliminarily, we must determine if this appeal is timely. To be timely, notice of appeal must be filed within thirty days after entry of the order from which the appeal is taken. Pa.R.A.P. 903. Judgment of Sentence was entered against appellant on May 21, 2003. The deadline for filing a notice of appeal was therefore Friday, June 20, 2003. Appellant, incarcerated at the time, filed a *pro se* Notice of Appeal that was time-stamped on Monday, June 23, 2003. Under the prisoner mailbox rule, a *pro se* appeal by a prisoner is deemed filed as of the date it is delivered to prison authorities or placed in the institutional mailbox. *Smith v. Pennsylvania Bd. of Probation & Parole*, 546 Pa. 115, 122, 683 A.2d 278, 281 (1996). We conclude that to be received by the Clerk of Quarter Sessions on Monday, June 23rd, appellant's Notice of Appeal must have been mailed by Friday, June 20th, and thus this appeal is timely.

■ ¶ 8 Appellant argues that the sentencing court erred by changing his sentences for burglary and conspiracy from concurrent to consecutive upon resentencing, effectively doubling sentence. Although the parties maintain that this is an appeal of the discretionary aspects of appellant's sentence, we conclude that appellant's claim goes rather to the legality of his sentence. A claim that a court increased the punishment for a crime upon resentencing implicates the Due Process Clause of the Fourteenth Amendment as interpreted in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and is regarded as an attack on the legality of the sentence. *Commonwealth v. Walker*, 390 Pa.Super. 76, 568 A.2d 201, 203 n. 2 (1989) (citations omitted). Although "sentencing decisions typically are left to the discretion of the sentencing court[,] . . . where the court imposes an illegal sentence, the sentence must be corrected." *Commonwealth v. Kratzer*, 442 Pa.Super. 514, 660 A.2d 102, 104 (1995) (citations omitted). The Commonwealth argues that appellant's claim is waived on numerous grounds. Challenges to the legality of a sentence may be appealed as of

right and cannot be waived. *Walker*, 568 A.2d at 203 n. 2 (citation omitted).

¶ 9 In *Pearce*, the U.S. Supreme Court held that, while the Due Process Clause does not constitutionally prohibit imposition of a harsher sentence upon resentencing, the new sentence may not be the product of judicial vindictiveness. 395 U.S. at 723–25, 89 S.Ct. 2072. To guard against this possibility, the Court established the following prophylactic rule:

> [W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for ... doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*Id.* at 726, 89 S.Ct. 2072. In *Commonwealth v. Hermankevich*, 220 Pa.Super. 197, 286 A.2d 644, 646 (1971), this Court interpreted *Pearce's* requirements to extend to resentencing of a defendant to correct an illegal sentence, as well as following a new trial. *Pearce* established, with some exceptions, a "presumption of vindictiveness" where a court increases a defendant's sentence upon resentencing, which the sentencing court bears the burden of rebutting. *Walker*, 568 A.2d at 204.

¶ 10 In *Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986), the Supreme Court modified the rule of *Pearce* to allow the sentencing court to enhance a defendant's sentence on the basis of new, objective information that was not previously available to the court, or for other legitimate sentencing concerns, rather than solely for subsequent conduct by the defendant. *Walker*, 568 A.2d at 205 (construing *McCullough*). Preserving the integrity of the original sentencing scheme is a legitimate sentencing concern, and sentences may be adjusted so that the aggregate punishment remains the same upon resentencing. *Id.* at 205–206. However, "[i]f a judge could have imposed the same aggregate sentence ... handed down at the original sentencing hearing, and ... instead imposes a harsher aggregate sentence, the presumption of vindictiveness could not be rebutted by invoking the need to preserve the original sentencing plan." *Id.* at 206. Finally, we have held that where sentences are changed from concurrent to consecutive, thus changing the maximum terms, such a change is considered an increase in the length of the aggregate sentence. *Hermankevich*, 286 A.2d at 646.

¶ 11 It is therefore clear that, in the instant case, it would be reversible error to change appellant's sentences to run consecutively if they were originally imposed to run concurrently, absent a new, legitimate sentencing concern.[1] However,

---

1. The cases relied on by the Commonwealth for the proposition that the court upon resentencing may increase appellant's aggregate sentence are all either readily distinguishable or misleading. The Commonwealth's selective quotation of *Commonwealth v. Walker*, 390 Pa.Super. 76, 568 A.2d 201 (1989), is misleading, as demonstrated above. *Commonwealth v. Lal*, 156 Pa.Cmwlth. 366, 627 A.2d 281 (1993), held that an increased sentence

upon resentencing violated Lal's Due Process rights under *North Carolina v. Pearce*. 627 A.2d at 285. *Commonwealth v. Sattazahn*, 563 Pa. 533, 763 A.2d 359 (2000), *aff'd sub nom Sattazahn v. Pennsylvania*, 537 U.S. 101, 123 S.Ct. 732, 154 L.Ed.2d 588 (2003), and *Commonwealth v. Martorano*, 535 Pa. 178, 634 A.2d 1063 (1993), addressed the issue of whether the Commonwealth may seek the death penalty on retrial, when the defendant

whether this is what in fact happened is in dispute. The sentencing judge maintains that she originally imposed the sentences to run consecutively. The sentencing judge's conclusion is not supported by the record. We, therefore, conclude appellant's sentence was improperly increased.

¶ 12 The sentencing court asserts that, upon resentencing, it simply reimposed the original sentences for burglary and conspiracy. Trial Court Opinion, 7/31/2003. At the resentencing hearing, defense counsel inquired as to whether the sentences were to run concurrently or consecutively. N.T. Resentencing, 5/21/2003, at 6. The sentencing judge replied, "They were originally imposed to be consecutive, I will leave them as they were." *Id.* Appellant then replied, "I thought that these sentences, when they were imposed, was running concurrent." *Id.* at 7. The sentencing judge replied that her notes said consecutive, and requested the Quarter Sessions file, at which point she was informed by the clerk that the file was "not available." [2] *Id.* Appellant then reiterated that his sentences were concurrent, "[b]ecause my parole date is set for February 15th, 2004." *Id.* The sentencing judge replied,

These things are something of a mystery to me because sometimes you get credit for time going back who knows when. If there's a problem, you'll just write to me or write to your lawyer and we'll straighten it out, all right? If they go ahead and consider you, go with that, and if not, give me a holler, OK?

*Id.*

¶ 13 The sentencing court did not have the benefit of the original sentencing record upon resentencing, and relied solely upon her personal notes. The court did not state on the record, at appellant's original sentencing hearing, whether appellant's sentences for burglary and conspiracy were to run concurrently or consecutively, although it did state that the sentence of probation for theft would run consecutively.[3] N.T. Sentencing, 6/13/2001, at 8–9. However, it is clear from notes added to the bills of information[4] that appellant's conspiracy sentence was imposed to run concurrently with his burglary sentence, while the sentence of probation for theft was set to run consecutively to the other sentences. Further, at

received a life sentence following his first trial. Both were based on double jeopardy principles and on specific exceptions to the presumption of judicial vindictiveness that are inapplicable here. *See Martorano,* 535 Pa. at 196–97, 634 A.2d at 1071–72 (explaining *Pearce* presumption inapplicable where (1) second jury imposes harsher punishment than prior jury, second jury has no motivation to engage in "self-vindication;" (2) sentences imposed by different sentencers, or (3) new trial not result of error by court); *Sattazahn,* 563 Pa. 533, 550–51, 763 A.2d at 368–69 (reaffirming *Martorano* ).

*Commonwealth v. Grispino,* 361 Pa.Super. 107, 521 A.2d 950, 952 (1987), and *Commonwealth v. Broadie,* 339 Pa.Super. 394, 489 A.2d 218, 220–21 (1985), held that an increased sentence resulting from a Commonwealth appeal or motion to modify sentence does not violate double jeopardy principles. *Grispino* additionally concerned the sentencing court's ability to increase a sentence on remand to maintain the original sentencing scheme. 521 A.2d at 954.

2. Appellant was resentenced on May 21, 2003, but the certified record was not remitted by this Court to the lower court until May 28, 2003.

3. Pennsylvania Rule of Criminal Procedure 705 requires that whenever a defendant is subject to multiple sentences, "the judge shall state whether the sentences shall run concurrently or consecutively."

4. The bills of information were committed to microfilm, copies of which were certified as part of the record.

the time of resentencing, appellant had served three years of his sentence. If he was eligible for parole in less than a year, this lends additional support to his claim that his sentences were originally imposed to run concurrently. Finally, the unpublished memorandum of this Court in appellant's initial appeal, written by a panel that did have the full record before it, stated that appellant's sentences were to run concurrently. *Commonwealth v. Johnson,* No. 2573 EDA 2001, unpublished memorandum at 1, 828 A.2d 399 (Pa.Super. filed Apr. 7, 2003).

¶ 14 The Commonwealth, notably, does not dispute that the original sentences were recorded to run concurrently. Rather, it argues that the sentencing court actually *intended* to impose consecutive sentences, but erroneously recorded the sentences as concurrent, resulting in a "breakdown in the judicial system" and "windfall" to appellant that can now be corrected upon resentencing. Even if, *arguendo,* the Commonwealth's theory is factually correct, the law does not permit such a "correction" of an erroneously-imposed sentence.

¶ 15 " 'The only sentence known to the law is the sentence or judgment entered upon the records of the court.' " *Commonwealth ex rel. Woods v. Howard,* 249 Pa.Super. 428, 378 A.2d 370, 372 (1977) (quoting *Hill v. United States ex rel. Wampler,* 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283 (1936)). " '[A] sentence ... is to be construed so as to give effect to the intention of the sentencing judge ....' " *Commonwealth v. Green,* 232 Pa.Super. 555, 335 A.2d 392, 393 (1975) (quoting *United States ex rel. Speaks v. Brierley,* 417 F.2d 597, 600 (3d Cir.1969)). To determine this intention the reviewing court limits itself to the language of the written judgment, despite oral statements of the sentencing judge not incorporated into it. *Id.* (quoting *Brierley,* 417 F.2d at 600).

¶ 16 The Commonwealth in essence argues that the recorded sentence was merely a "slip of the tongue," or in this case pen, of the sentencing judge. However, such errors may be corrected only under certain limited circumstances.

¶ 17 "Trial courts have the power to alter or modify a criminal sentence within thirty days after entry, if no appeal is taken." *Commonwealth v. Quinlan,* 433 Pa.Super. 111, 639 A.2d 1235, 1238 (1994) (citing 42 Pa.C.S.A. § 5505). "Generally, once the thirty-day period is over, the trial court loses the power to alter its orders." *Id.* (citation omitted). Once an appeal is taken, the trial court loses jurisdiction to modify its sentence. *Id.* (citing Pa.R.A.P. 1701(a)).

¶ 18 "Exceptions to these general rules exist ...." *Id.* The court has the inherent power "to modify a sentence in order to amend records, to correct mistakes of court officers or counsel's inadvertencies, or to supply defects or omissions in the record ...." *Id.* at 1239 (citation omitted). "This inherent power of the court to correct obvious and patent mistakes is not eliminated by the expiration of the thirty-day appeal period." *Id.* (citation omitted). "[O]nce an appeal is taken .... the trial court may reconsider its sentence, so long as a motion for reconsideration was timely filed with, and expressly granted by the trial court within the thirty-day time limit prescribed for filing a notice of appeal." *Id.* at 1238 (citing Pa.R.A.P. 1701(b)). The Commonwealth may "pursue a correction, modification or increase in the originally imposed sentence [before] ... the right of appellate review has been exhausted or waived.... provide[d] that a motion to modify a sentence [is] filed with the sentencing court prior to obtaining ap-

pellate review of the sentence." *Id.* at 1239 (citing Pa.R.Crim.P. 1410).

 ¶ 19 Generally, correction of a clerical error may not increase the sentence. *See Commonwealth v. Adams,* 350 Pa.Super. 506, 504 A.2d 1264, 1268 (1986) (*en banc* ). A correction may result in an increased sentence where the sentencing judge clearly stated the sentence on the record. *Commonwealth v. Kubiac,* 379 Pa.Super. 402, 550 A.2d 219, 231 (1988). However, "[t]he presumption that the written sentencing order is what the sentencing judge intended increases with the length of time that the written sentencing order goes unchallenged." *Quinlan,* 639 A.2d at 1240 (citing *Commonwealth v. Thomas,* 219 Pa.Super. 22, 280 A.2d 651 (1971)). In *Quinlan,* we held that a "court which reaches back two and one-half years and allows the transcript of the sentencing proceeding to trump two written, signed, recorded, and unappealed orders acts without authority of either rule or case law." *Id.* at 1240–41.

¶ 20 It is true that, in the present case, we vacated the original sentences. However, having determined that, under *North Carolina v. Pearce* and its progeny, the sentencing court may not increase the aggregate sentence upon resentencing, we must next determine what, in fact, the original sentence was. In this context, the Commonwealth in essence argues for a "correction" of the original sentence, which argument we must reject. The sentence in the instant case was written, signed and recorded over three years ago, creating a strong presumption "that the written sentencing order is what the sentencing judge

intended." *See Quinlan,* 639 A.2d at 1240. Neither the sentencing court nor the Commonwealth challenged or attempted to modify or correct the original sentence within the established thirty-day time period. The alleged error here is neither patent nor obvious—in fact, it is debatable whether it was a mistake at all.[5] Any correction of the asserted error would increase appellant's aggregate sentence, but the sentencing court did not state on the record at the original sentencing hearing whether appellant's sentences were to run consecutively or concurrently, thus failing to satisfy *Kubiac's* standard for correction of a "clear clerical error." Therefore, considering all of these circumstances, we hold that appellant's sentences for burglary and conspiracy were originally imposed to run concurrently, which sentences may not now be modified or corrected.

¶ 21 Having concluded that appellant's original sentences were to run concurrently rather than consecutively, and that the sentencing court impermissibly increased appellant's sentence upon resentencing in the absence of any legitimate sentencing factors to support such an increase, we remand once again for resentencing. We note that, upon remand, the sentencing court *may,* if it chooses, adjust appellant's sentence to maintain the original sentencing scheme, but the new aggregate sentence may not exceed the original aggregate sentence, unless any increase is due to legitimate sentencing factors under *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and *Tex-*

---

5. At the original sentencing of appellant, the sentencing court stated, "I give you a sentence of three to eight years. Same sentence on the conspiracy. And a consecutive five years' probation on the attempted theft." N.T. Sentencing, 6/13/2001, at 8. Appellant's counsel inquired, "So that he's clear, it's 3 to

8 years?" *Id.* at 9. The sentencing judge replied, "*No, 3 to 8 years followed by 5 years' probation.*" *Id.* We think this exchange could easily be interpreted to suggest that the original sentences were intended to run concurrently.

*as v. McCullough,* 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986).

¶ 22 Appellant further asserts that the sentencing court erred by failing to (1) refer to the presentence report before imposing sentence, (2) make a statement explaining the reasons for its sentence, and (3) advise appellant of his rights to file post-sentence motions and to appeal. These claims are waived for failure to raise them in appellant's Statement of Matters Complained of on Appeal. Pa.R.A.P. 1925(b); *Commonwealth v. Lord,* 553 Pa. 415, 420, 719 A.2d 306, 309 (1998). Appellant additionally raises a claim of ineffective assistance of counsel. Appellant acknowledges that under *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002), *reargument denied,* 573 Pa. 141, 821 A.2d 1246, 1247 (2003), claims of ineffectiveness of counsel should be deferred for collateral review, and states that he raises the claim here solely "to underscore the miscarriage of justice." Consistent with the holding of *Grant,* we decline to address this claim.

¶ 23 Judgment of sentence vacated and case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.