J-S63020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHAN ECKERT | |
| Appellant | No. 291 MDA 2014 |

Appeal from the Judgment of Sentence October 17, 2013
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000896-2013

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 13, 2014**

Appellant, Nathan Eckert, appeals from the judgment of sentence entered on October 17, 2013. Additionally, counsel for Eckert has filed a motion to withdraw as counsel and brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we vacate the judgment of sentence, deny counsel's petition to withdraw, and remand.

On February 1, 2013, Eckert was charged at docket number 0896-2013 with retail theft[1] and simple assault[2] in connection with the theft of merchandise from the Home Depot store in Wyomissing. At the time of his

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] 18 PA.CONS.STAT.ANN. § 3929(a)(1).
[2] 18 PA.CONS.STAT.ANN. § 2701(a)(1).

arrest, Eckert was on state parole at docket number 2895-2009. Eckert remained in custody as straight bail was set and a state parole detainer was lodged. On February 14, 2013, Eckert's bail was modified to unsecured; however, Eckert remained in custody due to the parole detainer at docket number 2895-2009 pending disposition of the new charges.

On October 17, 2013, Eckert entered a guilty plea at docket number 0896-2013 to retail theft and simple assault. On that same date, the trial court sentenced Eckert to a period of 12 to 48 months' imprisonment on the retail theft and to a concurrent period of 6 to 12 months' imprisonment on the simple assault. At the time of sentencing, the trial court awarded Eckert no credit for time served.

Eckert filed a timely *pro se* post-sentence motion and appointed counsel later filed a petition to file post-sentence motions *nunc pro tunc*, which was granted. The trial court scheduled a hearing for December 5, 2013. Prior to disposition of Eckert's post-sentence motion, he filed a notice of appeal to this Court on November 22, 2013, docketed at No. 2072 MDA 2013. Eckert's counsel requested a continuance of the hearing on his post-sentence motion, which the trial court granted. The trial court then scheduled a new hearing. Eckert withdrew the appeal docketed at No. 2072 MDA 2013. On January 15, 2014, the trial court denied Eckert's post-sentence motion. This timely appeal followed.

Eckert raised the following issues in his Concise Statement of Matters Complained of on Appeal filed pursuant to Pa.R.A.P. 1925(b):

The [s]entencing [c]ourt imposed an illegal sentence when it failed to give the Defendant credit for thirteen (13) days['] time served from February 1, 2013 to February 14, 2013, as the Defendant was being held on secured bail in Criminal Action No. 2985-2009, resulting in an illegal sentence.

The [s]entencing [c]ourt erred and abused its discretion when it failed to give the Defendant credit for thirteen (13) days['] time served from February 1, 2013 to February 14, 2013, as Defendant was being held on secured bail in Criminal Action No. 0896-2013 during that time period, and was not given credit for the thirteen (13) days toward his sentence following a parole revocation in Criminal Action No. 2985-2009, resulting in an abuse of discretion by the [s]entencing [c]ourt.

Concise Statement of Matters Complained of on Appeal, 3/12/14, at ¶¶ 1-2.

Upon receipt of Eckert's Rule 1925(b) statement, the trial court reviewed Eckert's sentence and determined that it should have applied credit for time served pursuant to 42 PA.CONS.STAT.ANN. § 9760(1). The trial court then entered an order on April 9, 2014, correcting its error by crediting Eckert thirteen days' time served from February 1, 2013, to February 14, 2013. The trial court, however, had no authority to revise the sentence in this case.

"Trial courts have the power to alter or modify a criminal sentence within thirty days after entry, if no appeal is taken." *Commonwealth v. Johnson*, 860 A.2d 146, 152 (Pa. Super. 2004) (citation omitted), disapproved of on other grounds by *Commonwealth v. Robinson*, 931 A.2d 15 (Pa. Super 2007) (*en banc*). If no appeal is taken pursuant to 42 PA.CONS.STAT.ANN. § 5505, "once the thirty-day period is over, the trial court loses the power to alter its orders." *Commonwealth v. Walters*, 814 A.2d 253, 255-256 (Pa. Super. 2002) (citations omitted). Once an appeal is

taken, "the trial court has no jurisdiction to modify its sentence." *Id*. (citation omitted). Exceptions to these general rules exist. *See Johnson*, 860 A.2d 152. The exceptions are as follows:

> The court has the inherent power to modify a sentence in order to amend records, to correct mistakes of court officers or counsel's inadvertencies, or to supply defects or omissions in the record .... This inherent power of the court to correct obvious and patent mistakes is not eliminated by the expiration of the thirty-day appeal period. [O]nce an appeal is taken .... the trial court may reconsider its sentence, so long as a motion for reconsideration was timely filed with, and expressly granted by the trial court within the thirty-day time limit prescribed for filing a notice of appeal. The Commonwealth may pursue a correction, modification or increase in the originally imposed sentence [before] ... the right of appellate review has been exhausted or waived.... provide[d] that a motion to modify a sentence [is] filed with the sentencing court prior to obtaining appellate review of the sentence.

*Id*., at 152-153 (citations and internal quotation marks omitted; some brackets added).

Here, the trial court was divested of its jurisdiction as more than thirty days had elapsed since judgment of sentence was imposed in October 2013. None of the exceptions to the general rule existed. Thus, the order entered on April 9, 2013, is a legality nullity as the trial court lacked jurisdiction to modify its sentence. Before us for review is only the judgment of sentence imposed on October 17, 2013.

Counsel for Eckert, Brandon Pack, Esquire, has filed a petition to withdraw as counsel and a corresponding ***Anders/Santiago*** brief, asserting that Eckert has no non-frivolous issues to pursue on direct appeal. This

Court first must pass upon counsel's petition to withdraw before reviewing the merits of the any potential issues that Eckert might present on appeal. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007 (*en banc*). Prior to withdrawing as counsel under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*.

The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

978 A.2d at 361 (Pa. 2009).

We note that Attorney Pack has complied with all of the requirements of *Anders* as articulated in *Santiago*. Additionally, Attorney Pack confirms that he sent a copy of the *Anders* brief to Eckert as well as a letter explaining to him that he has the right to proceed *pro se* or the right to

retain new counsel.[3]   A copy of the letter is appended to Attorney Pack's petition, as required by this Court's decision in ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005), in which we held that "to facilitate appellate review, … counsel *must* attach as an exhibit to the petition to withdraw filed with this Court a copy of the letter sent to counsel's client giving notice of the client's rights."  ***Id***., at 749 (emphasis in original).  ***See also Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa. Super. 2010) (noting ***Santiago*** "did not abrogate the notice requirements set forth in ***Millisock***").

Our review of Attorney Pack's petition to withdraw and the accompanying brief demonstrates that he has complied with the ***Anders/Santiago*** requirements.

Having passed upon the procedural requirements under ***Anders*** and ***Santiago***, we now must conduct an independent review of the record to determine whether, as Attorney Pack claims, this appeal is wholly frivolous, or if there are meritorious issues for Eckert to pursue before this Court. ***See Santiago***, 978 A.2d at 355 ("[T]he court – not counsel – then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw[.]"). We begin with the issues presented by Attorney Pack.

_____

[3] Eckert has not responded to the petition to withdraw as counsel.

In his ***Anders/Santiago*** brief, Eckert raises nearly identical issues as in his Rule 1925(b) statement:

> The [s]entencing [c]ourt imposed an illegal sentence when it failed to give the Defendant credit for thirteen (13) days time served from February 1, 2013 to February 14, 2013, as the Defendant was being held on secured bail in Criminal Action No. 0896-2013 during that time period, and was not given credit for the thirteen (13) days toward his sentence following a parole revocation in Criminal Action No. 2985-2009, resulting in an illegal sentence.
>
> The [s]entencing [c]ourt erred and abused its discretion when it failed to give the Defendant credit for thirteen (13) days time served from February 1, 2013 to February 14, 2013, as Defendant was being held on secured bail in Criminal Action No. 0896-2013 during that time period, and was not given credit for the thirteen (13) days toward his sentence following a parole revocation in Criminal Action No. 2985-2009, resulting in an abuse of discretion by the [s]entencing [c]ourt.

***Anders*** Brief, at 6. In a footnote to his Statement of Questions Involved Eckert states "all the issues raised in Appellant's Concise statement were resolved when the [t]rial [c]ourt issued an amended sentencing order on April 9, 2014, as such Appellant's counsel will set forth the issues for this Honorable Court to determine whether any non-frivolous issues exist." ***Id***.[4]

A challenge to the trial court's "failure to award credit for time served prior to sentencing, … involves the legality of sentence. A claim challenging the legality of a sentence is appealable as of right." ***Commonwealth v. Miller***, 655 A.2d 1000, n.1 (Pa. Super. 2004) (emphasis omitted). As such we will review Eckert's first claim.

---

[4] We have previously determined this order to be a legal nullity.

Our standard of review is well-settled.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error of judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Ford**, 947 A.2d 1251, 1252 (Pa. Super. 2008) (citation omitted). The sentencing code provides:

**§ 9760. Credit for time served**

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1)    **Credit** against the maximum term and any minimum term **shall** be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of conduct on which such a charge is based. **Credit shall include credit for the time spent in custody prior to trial, during trial, pending sentence, and the pending resolution of an appeal**.

42 PA.CONS.STAT.ANN. § 9760(1) (emphasis added). "The principle underlying section 9760 is that a defendant should be given credit for time spent in custody prior to sentencing for a particular offense." **Commonwealth v. Fowler**, 930 A.2d 586, 595 (Pa. Super. 2007) (citation omitted).

"[A]ll time served by a parole violator while awaiting disposition on new charges must be credited to the original sentence if he or she remains in custody solely on a Board detainer." **Commonwealth v. Mann**, 957 A.2d

746, 751 (Pa. Super. 2008). Here, Eckert remained in custody from February 14, 2013, through October 17, 2013, a period of 245 days, *solely on a Board detainer*, as the bail conditions on the new charges at No. 0896-2013 had been lifted on February 14, 2013, and disposition did not occur until October 17, 2013. Eckert was entitled to credit on his original sentence, docketed at 2895-2009 for the 245 days. **See Anders/Santiago** Brief, at 26, n. 10 ("It must be noted that the Appellant received credit for two hundred forty-five days timed served, dating from February 14, 2013 through October 17, 2013[5], toward the parole violated on Criminal Docket 2985-2009.").

Eckert does not take issue with the trial court's application of credit thereunder. Rather, Eckert claims that he is further entitled to credit for time served at docket number 0896-2013 for 13 days from February 1, 2013, to February 13, 2013. We agree.

"If the defendant is incarcerated prior to disposition, and has both a detainer and has failed for any reason to satisfy bail, the credit must be applied to the new sentence by the sentencing court." **Mann**, 957 A.2d at 751. Eckert was incarcerated on February 1, 2013, on new criminal charges. Straight bail was set at docket number 0896-2013 and a state parole detainer was lodged at docket number 2895-2009. Eckert was thus unable to satisfy the conditions of bail. On February 14, 2013, Eckert's bail was

---

[5] Eckert was not awarded any credit at docket number 2895-2009 for any time served from February 1, 2013, through February 13, 2013.

modified to unsecured; however, Eckert remained in custody due to the parole detainer, pending disposition of the new charges. Thus, Eckert is entitled to credit for the 13 days' time-served from February 1, 2013, to February 13, 2013. The trial court erred in failing to apply credit at the time of sentencing.

Based upon our findings, we are compelled to deny counsel's petition to withdraw as our independent review determined that Eckert's appeal is not wholly frivolous. A meritorious issue exists with respect to the application of credit for time-served, which affects the legality of Eckert's sentence. Accordingly, we vacate Eckert's judgment of sentence and remand for re-sentencing in accordance with this memorandum. On remand, Attorney Pack shall continue to represent Eckert.

Judgment of sentence vacated. Petition to withdraw as counsel denied. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/13/2014</u>

- 10 -