J-S28018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRONE ARMSTRONG | |
| Appellant | No. 1963 EDA 2015 |

Appeal from the Judgment of Sentence March 31, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006618-2011

BEFORE:  BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 01, 2016**

Tyrone Armstrong appeals from his judgment of sentence, entered in the Court of Common Pleas of Delaware County.  Armstrong's convictions stem from his involvement in a tri-county drug distribution enterprise headquartered in Coatesville, Chester County.  After careful review, we affirm.

On March 25, 2013, a jury convicted Armstrong of one count of corrupt organizations,[1] three counts of criminal conspiracy,[2] one count of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 911(b)(3).

[2] 18 Pa.C.S. § 911(b)(4).

dealing in proceeds of illegal activity,[3] one count of criminal use of a communication facility,[4] and one count of possession with intent to deliver (PWID).[5] On May 6, 2013, Armstrong was sentenced by the Honorable Patricia H. Jenkins to an aggregate term of 9-18 years' imprisonment,[6] which included a mandatory minimum sentence of 7-14 years in prison on the basis of the weight of the drugs (cocaine) pursuant to 18 Pa.C.S. § 7508(a)(3).

On May 16, 2013, Armstrong filed post-sentence motions that the trial court denied. Armstrong filed a timely direct appeal. On appeal, our Court affirmed Armstrong's convictions, but vacated his judgment of sentence and remanded for resentencing on the basis that the court imposed an illegal

---

[3] 18 Pa.C.S. § 5111(a)(3).

[4] 18 Pa.C.S. § 7512.

[5] 35 P.S. § 780-113(a)(30).

[6] Specifically, Armstrong was sentenced as follows:

- Count 1 - 24-48 months;
- Count 2 - 21-48 months (concurrent to count 1);
- Count 3 – 24-48 months (consecutive to counts 1 & 2);
- Count 5 – 21-42 months (concurrent to count 3);
- Count 6 – guilty with no further penalty;
- Count 7 – 12-24 months (concurrent to counts 1,2, 3 & 5); and
- Count 10 – 7-14 years (consecutive to counts 1, 2, 3, 5, & 7).

Counts 4, 9, 11 and 12 were withdrawn and Armstrong was found not guilty on count 8.

section 7508(a)(3) mandatory minimum sentence under the dictates of *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[7] *See Commonwealth v. Armstrong*, No. 1803 EDA 2013 (Pa. Super. filed Dec. 23, 2014).

On March 31, 2015, the Honorable John P. Capuzzi, resentenced Armstrong to an aggregate term of 6½-13 years' imprisonment,[8] with credit for time served. Armstrong filed a motion for reconsideration of sentence that was denied. This timely appeal followed.

On appeal, Armstrong presents the following issues for our review:

(1)     Where a case is remanded for resentencing, can a sentence be imposed by the resentencing court on any count for which, on the date of resentencing, the defendant had already served the maximum time that had been imposed at the time of his original sentence?

(2)     Where a case is remanded for resentencing by the Superior Court because it deemed the imposition of a

---

[7] In *Commonwealth v. Cardwell*, 105 A.3d 748 (Pa. Super. 2014), our Court deemed section 7508(a)(3) unconstitutional based on the right recognized by *Alleyne*. In *Alleyne*, our Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an element of the crime which must be found by the jury beyond a reasonable doubt.

[8] Specifically, Armstrong was resentenced as follows:

- Count 1 – 27-54 months;
- Count 2 – 18-36 months (concurrent to count 1);
- Count 3 – 27-54 months (consecutive to counts 1 & 2);
- Count 5 – 18-36 months (concurrent to count 3);
- Count 6 – guilty but no further penalty;
- Count 7 – 9-18 months (consecutive to counts 1,2,3, & 5); and
- Count 10 – 15-30 months (consecutive to counts 1, 2, 3, 5, & 7).

mandatory minimum sentence to be unlawful, and where the resentencing judge is not the same judge who imposed the original sentence, and where, at resentencing, no new facts are added to the record regarding the defendant, the crime, the impact of the crime or the original judge's sentencing scheme, can the resentencing court impose a harsher sentence and one that does not properly reflect the elimination of the mandatory minimum sentence or the original court's sentencing scheme of sentencing on all counts at the middle of the standard range of the sentencing guidelines and running all but two concurrent, by increasing the penalty on some counts and by running others consecutive?

Armstrong first complains that the trial court improperly resentenced him to 9-18 months' imprisonment on his criminal use of a communication facility charge where he had already completed serving the original 12-24 month sentence at the time of resentencing. As the Commonwealth points out, Armstrong does not support his argument with any legal authority in his appellate brief. Thus, we find this claim waived. **See** Pa.R.A.P. 2119(a).[9]

Next, Armstrong complains that his sentence is illegal[10] where the court, upon resentencing "impos[ed] a harsher sentence and one that does

_____

[9] However, even if we were to address the merits of the issue, we recognize that the resentencing court gave Armstrong credit for time served. Therefore, because Armstrong would be credited any time he had served on his criminal use of a communication facility sentence, his claim is moot.

[10] Although Armstrong terms this issue as one of an illegal sentence, the Commonwealth contends that the issue could be construed as a discretionary aspect of sentence claim. If in fact it were, it would be waived as Armstrong has failed to include a required Pa.R.A.P. 2119(f) statement. **See Commonwealth v. Tuladziecki**, 522 A.2d 17, 19 (1987). However, since the claim raises legality issues, **see Commonwealth v. Johnson**, 860 A.2d 146 (Pa. Super. 2004), we will address its merits.

not properly reflect the elimination of the mandatory minimum sentence or the original court's sentencing scheme of sentencing on all counts[.]" Appellant's Brief, at 14.

When only one count of a sentence has been vacated on appeal, if remanding for resentencing would upset the trial court's sentencing scheme, an appellate court can remand for resentencing on all bills of information. Under such circumstances, no double jeopardy violation is implicated so long as the aggregate sentence upon resentencing does not exceed the defendant's original aggregate sentence. ***Commonwealth v. Sutton***, 583 A.2d 500 (Pa. Super. 1990).

Instantly, there is no question that when our Court vacated Armstrong's mandatory minimum sentence of 7-14 years' incarceration, the trial court's sentencing scheme was upset. Accordingly, the court was required to vacate Armstrong's entire sentence and resentence him on all counts, provided that it did not exceed its original, aggregate sentence of 9-18 years of imprisonment. Upon resentencing, the trial judge imposed an aggregate sentence of 6½-13 years' incarceration. Therefore, no double jeopardy violations were implicated. ***Sutton***, ***supra***.

Moreover, the court did not impose an illegal sentence in choosing to run one of the original concurrent sentences (criminal use of a communication facility) in a consecutive fashion upon resentencing. As Judge Capuzzi acknowledged:

[T]his Court did keep with the original sentencing scheme, which was to make sure the punishment was appropriate to the severity of the crime. In her well-reasoned opinion, [Judge Jenkins] outline[s] how severe [Armstrong's] role was within the drug enterprise. Her desire to fashion a sentence that fit [Armstrong's] actions was made abundantly clear when the aggregate of [Armstrong's] sentence was 9-18 years, running Corrupt Organizations and PWID consecutive[ly]. On remand, this Court recognized that intention and fashioned a sentence that was align[ed] with the sentencing judge's overall intentions.

*　　*　　*

Simply because this Court selected to run certain sentences consecutive that were originally run concurrent does not automatically make the sentence harsher than the original.

Trial Court Opinion, 8/26/15, at 4-5. Here, not only was Armstrong's overall sentence reduced, but the court permissibly adjusted the sentences to preserve the integrity of Judge Jenkins' original sentence. **Compare Commonwealth v. Grispino**, 521 A.2d 950 (Pa. Super. 1987) (court permissibly increased robbery sentence on resentencing where total sentence was substantially same as original sentence for all offenses; increase effected to maintain original sentence) **with Johnson**, **supra** (defendant's sentence vacated as illegal where resentencing court lacked record from original sentencing proceeding, doubled defendant's initial sentence by changing sentences from concurrent to consecutive, and gave no legitimate reasons for imposing harsher sentence).

Judgment of sentence affirmed.

BOWES, J., joins the memorandum.

PLATT, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2016