J-S54020-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD ALLEN LANE | |
| Appellant | No. 34 WDA 2017 |

Appeal from the Judgment of Sentence December 5, 2016
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0000626-2009

BEFORE:  OTT, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:               FILED  NOVEMBER 17, 2017

Edward Allen Lane appeals from the December 5, 2016 judgment of sentence entered in the Butler County Court of Common Pleas following revocation of his probation.  We vacate and remand for resentencing.

On September 22, 2009, Lane pled guilty to two counts each of indecent assault – threat of forcible compulsion and corruption of minors.[1]  On December 23, 2009, the trial court sentenced Lane to 17 to 34 months' incarceration followed by two years' probation for each indecent assault conviction and 13 to 26 months' incarceration followed by one year of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3126(a)(3) and 6301(a)(1)(i), respectively.

probation for each corruption of minors conviction. The trial court directed that Lane serve these sentences consecutive to one another.

On June 8, 2014, Lane was paroled by the Pennsylvania Board of Probation and Parole ("PBPP"). As part of his parole agreement, the PBPP directed that Lane have no contact with anyone under the age of 18 years old or "loiter, attend, visit, or participate in events where the primary activity at such locations involves persons under the age of 18 years without the prior written approval of probation/parole supervision staff." Conditions Governing Parole, 6/6/14, at 3. On October 21, 2016, the PBPP requested that the trial court lodge a parole detainer on Lane, alleging that he had contact with a person under the age of 18 and was present at an elementary school. That same day, the trial court granted the request and ordered Lane detained pending a hearing.

On December 5, 2016, the trial court held a Gagnon[2] hearing, at which Lane admitted the violation. At the end of the hearing, the trial court revoked Lane's probation and resentenced him to one to eight years' incarceration. On December 8, 2016, Lane filed a post-sentence motion to modify sentence, which the trial court denied on February 6, 2017. On December 29, 2016, Lane timely filed a notice of appeal.[3]

_____

[2] Gagnon v. Scarpelli, 411 U.S. 778 (1973).

[3] Lane's notice of appeal is timely because the filing of motion to modify sentence imposed after a revocation of probation does "not toll the 30-day appeal period." Pa.R.Crim.P. 708(E).

Lane raises one issue on appeal: "Whether the sentencing court abused its discretion by reaching a manifestly unreasonable conclusion, or erred as a matter of law, when it revoked [Lane]'s probation and resentenced him to serve a period of incarceration of not less than 12 months nor more than eight years?" Lane's Br. at 6 (full capitalization omitted).

Preliminarily, we must address an issue regarding the legality of Lane's sentence. Although legality is not raised in his Pennsylvania Rule of Appellate Procedure 1925(b) statement or his statement of questions involved, Lane argues that the trial court's sentence exceeded the statutory maximum for each of his convictions. Lane asserts that the trial court improperly sentenced him to one to eight years' incarceration on each conviction, which is greater than the 5-year maximum sentence for first-degree misdemeanors. This assertion – that the sentence was imposed on each conviction, rather than in the aggregate across all convictions – is supported by both the trial court docket and the DC-300B forms sent to the Pennsylvania Department of Corrections.

The legality of a particular sentence is a non-waivable issue. Commonwealth v. Kline, 166 A.3d 337, 340 (Pa. Super. 2017). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." Commonwealth v. Rivera, 95 A.3d 913, 915 (Pa.Super. 2014) (quoting Commonwealth v. Mears, 972 A.2d 1210, 1211 (Pa.Super. 2009)). "An illegal sentence is one that exceeds the statutory limits." Commonwealth v. Bradley, 834 A.2d 1127, 1131 (Pa. 2003)

- 3 -

(quoting *Commonwealth v. Hunter*, 768 A.2d 1136, 1144 n.3 (Pa.Super. 2001)).

With respect to sentencing orders, this Court has stated:

> The only sentence known to the law is the sentence or judgment entered upon the records of the court. [A] sentence . . . is to be construed so as to give effect to the intention of the sentencing judge. To determine this intention the reviewing court limits itself to the language of the written judgment, despite oral statements of the sentencing judge not incorporated into it.

*Commonwealth v. Kennedy*, 868 A.2d 582, 591-92 (Pa.Super. 2005) (quoting *Commonwealth v. Johnson*, 860 A.2d 146, 152 (Pa.Super. 2004)). "Additionally, '[w]hatever sentence is imposed can only be imposed upon a named, specific crime. Where there is more than one, each should be named of record and for each a specific sentence should be imposed according to the penalty prescribed for that offense.'" *Id.* at 592 (quoting *Commonwealth v. Hitchcock*, 565 A.2d 1159, 1162 (Pa. 1989)).

Here, the trial court entered the following sentencing order:

> NOW, this 5th day of December, 2016, [Lane] appeared and the Court heard testimony from Chris McAndrew of the [PBPP]. [Lane] has acknowledged that he violated the terms of his probation supervision by being present at an elementary school and by having contact with minors. [Lane]'s probation is therefore revoked. He shall be resentenced to serve a period of incarceration of not less than 12 months nor more than eight years. All other terms and conditions of the former sentence shall remain in effect. [Lane] shall receive credit for time served which is not used for his parole violation.

Trial Ct. Order, 12/5/16. This sentencing order does not tie the sentence imposed to any particular conviction, and as set out in the docket exceeds the maximum for each of Lane's convictions.[4] Accordingly, we are constrained to vacate the judgment of sentence and remand for resentencing.[5]

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2017

_____

[4] As noted above, the trial court docket and the DC-300B forms sent to the Pennsylvania Department of Corrections interpret the sentencing order as revoking Lane's probation and imposing one to eight years' incarceration on each conviction, to be served concurrent to one another. If the trial court's sentencing order intended to revoke probation and sentence Lane at each conviction to an additional one to eight years' incarceration, the sentence is illegal. See 18 Pa.C.S. § 1104(a) (limiting maximum sentence for first-degree misdemeanor conviction to five years). While we understand that the trial court was attempting to sentence Lane so that he would be "supervised by the [PBPP] as part of parole conditions rather than probation," N.T, 12/5/16, at 12, in so doing the trial court appears to have inadvertently imposed an illegal sentence of one to eight years' incarceration on each conviction, which exceeds the maximum sentence of five years' incarceration for a first-degree misdemeanor conviction. We recognize that on remand the trial court could achieve the same result, should it choose to do so, by apportioning the sentence among multiple convictions.

[5] In light of our disposition, we decline to address Lane's discretionary aspects of sentencing claim.