J-S52005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :              PENNSYLVANIA
                                         :
               v.                         :
                                         :
                                         :
BILLY WHITE                          :
                                         :
             Appellant               :     No. 796 EDA 2018

Appeal from the Judgment of Sentence January 26, 2018
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0002429-2012,
CP-46-CR-0002430-2012

BEFORE:  OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY OTT, J.:              **FILED DECEMBER 03, 2019**

Billy White appeals, *pro se*,[1] from the judgment of sentence entered on January 26, 2018, in the Court of Common Pleas of Montgomery County, after remand, on the charges of possession of a controlled substance, possession with intent to deliver, and possession of drug paraphernalia[2] (Docket Number 2429-2012) and burglary, VUFA, criminal trespass, terroristic threats, and paraphernalia[3] (Docket Number 2430-2012).  The terms of White's current

---

[1] A **Grazier** hearing was held and White was given permission to represent himself by order of November 8, 2018.

[2] 35 P.S. §§ 780-113(16), 780-113(30), and 780-113(32), respectively.

[3] 18 Pa.C.S. §§ 3502(c)(1), 6106(a)(1), 3503(a)(1)(i), 2706, and 35 P.S. § 780-113(32), respectively.

sentence are unclear.[4]  In this timely appeal, White argues his new aggregate sentence is illegal because the trial court took sentences that had been running concurrently and made them consecutive, the trial court failed to grant him credit for time served, the trial court erred in re-imposing costs and fees, and he was improperly given probation sentences.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we vacate the judgment of sentence and remand for resentencing.[5]

A brief history of this matter provides needed context to understand the current issues.  White was originally sentenced on two separate cases on February 8, 2013.  One was a drug case and the other, burglary.  Having

_____

[4] Although the trial court announced the aggregate sentence as 10 to 22 years' incarceration, *see* N.T. Sentencing, 1/26/2018, at 19, the Commonwealth asserts the actual sentence is 10 to 24 years' incarceration.  ***See*** Appellee's Brief, at 7, n. 1. However, as announced in court and as is written on the sentencing forms, it appears White received a 12.5-34 year term of incarceration. Given our resolution of this matter, the actual maximum date is immaterial.

[5] All interested parties, White, the Commonwealth and the resentencing court, agree that this matter requires resentencing, although all three provide different reasoning.  White posits the resentencing court illegally made previously concurrent sentences consecutive.  The Commonwealth asserts the resentencing court imposed an illegal sentence when it issued a lengthened sentence without providing justification.  The resentencing court claims it improperly sentenced White to separate sentences on charges that legally merged.  Regardless of the reasons asserted, White received a greater sentence than was originally imposed.  Our review of the certified record reveals conflicts between notes of testimony for sentencing and written sentencing sheets (which will be described, *infra*) that makes it virtually impossible for this Court to accurately review this matter.

reviewed the original notes of testimony from the February 8, 2013, sentencing hearing, it is apparent the 10-20 year aggregate sentence the trial court imposed was meant to represent an overall sentencing scheme.[6]  On direct appeal of the drug case (Docket Number 2429-2012), a panel of our court identified an illegal sentence regarding the possession with intent to deliver and simple possession charges.  Simple possession should have merged; however, since those sentences ran concurrently, vacating the simple possession sentence did not upset the trial court's sentencing scheme. Hence, the case was not remanded for resentencing.  Additionally, White was afforded no relief on the direct appeal of the burglary case (Docket Number 2430-2012).

White then filed PCRA petitions for both cases, and, on appeal, this Court, *sua sponte*, granted sentencing relief in both due to **Alleyne**[7] issues.[8] Both cases had imposed mandatory minimum sentences without the jury having determined the facts upon which the mandatory sentences were based. White was resentenced on January 26, 2018, to the aggregate term of

---

[6] The fact that both sentences together represent a sentencing scheme is important to this matter.

[7] **Alleyne v. United States**, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

[8] **Commonwealth v. White**, 3255 EDA 2016, filed 12/19/2017 (memorandum) and **Commonwealth v. White**, 3130 EDA 2016, filed 12/26/2017 (memorandum).

incarceration noted above. Additionally, the court imposed costs and fees associated with sentencing, as well as adding probationary tails to the incarceration sentences. White filed the instant appeal.[9]

The entire sentencing scheme, from original sentence to the current sentence, is perplexing. Accordingly, we will set forth the specifics of each. This information is taken from notes of testimony from both sentencing hearings, sentencing forms from 2013 and 2018, and the Montgomery County Dockets.

In 2013, White was sentenced as follows:

1) At Docket Number 2429-2012 –

- 5-10 years – Possession with intent to deliver
- 1-3 years - Possession (concurrent to PWID)

Resulting in an aggregate sentence of 5-10 years' incarceration.

2) At Docket Number 2430-2012 –

- 5-10 years – Burglary
- 3-7 years – VUFA (concurrent to PWID at 2429-2012)
- 1-7 years – Trespass (concurrent to PWID at 2429-2012)
- 1-5 years – Terroristic Threats (concurrent to PWID at 2429-2012)

Resulting in an aggregate sentence of 5-10 years' incarceration.

---

[9] A single notice of appeal was filed for both docket numbers. However, the appeal was filed prior to our Supreme Court's decision in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), that requires a separate notice of appeal for every docket number affected by the order in question.

At the sentencing hearing, the trial court announced the sentence for Docket Number 2430-2012 would run consecutive to the sentence for Docket Number 2429-2012, resulting in a total sentence imposed on February 8, 2013, of 10-20 years' incarceration. However, the sentencing forms submitted indicated the sentences for the two docket numbers would run concurrently with each other, thereby resulting in a total sentence of 5-10 years' incarceration.[10]

In 2018, after the remand to address the mandatory minimum sentence issues, the trial court resentenced White as follows:

1) At Docket Number 2429-2012 –

- 2.5–10 years – PWID
- .5 (6 months)–2 years – Possession (consecutive to PWID and consecutive to 2430-2012)

Resulting in an aggregate sentence of 3-12 years' incarceration.

2) At Docket Number 2430-2012 –

- 5-10 years – Burglary
- 3.5-7 years – VUFA (consecutive to Burglary)
  Merger – Trespass
- 1-5 years – Terroristic threats (consecutive to VUFA)

Resulting in an aggregate sentence of 9.5-22 years' incarceration.

The notes of testimony from the resentencing hearing and the docket sheet for Docket Number 2429-2014 indicate the aggregate sentence is to run

_____

[10] We have not reviewed the entire certified record to determine if this discrepancy was ever clarified. Given our resolution of this matter, we will leave it to the resentencing court upon remand to reconcile this issue.

consecutive to the aggregate sentence at Docket Number 2430-2012. This appears to result in a total sentence of both dockets of 12.5-34 years' incarceration.

As noted above, the trial court, at the time of resentencing on January 26, 2018, announced the aggregate sentence was 10-22 years. The Commonwealth believes the actual sentence is 10-24 years. As demonstrated above, we have calculated the possibility of a 12.5-34 year term of incarceration. Whatever the actual sentence, it is clearly more than the original 2013 sentence of either 5-10 years or 10-20 years.

The rules regarding an appeal of resentencing are not entirely clear,[11] however, **Commonwealth v. Barnes**, 167 A.3d 110 (Pa. Super. 2017) (*en banc*) is the most recent pronouncement from this Court.

> When a due process violation is raised regarding resentencing, this court must satisfy itself that an increase in a sentence is not the result of judicial vindictiveness. **See Commonwealth v.**

_____

[11] There is some confusion whether a due process challenge to an increased aggregate sentence/vindictive sentencing is a challenge to the legality of the sentence or discretionary aspects of the sentence. (**See Commonwealth v. Walker**, 568 A.2d 201 (Pa. Super. 1989) and **Commonwealth v. Johnson**, 860 A.2d 146 (Pa. Super. 2004) legality of sentence, and **Commonwealth v. Robinson**, 931 A.2d 15 (Pa. Super. 2007) (*en banc*) disapproving of **Walker** and **Johnson**, but not overruling those cases.) A challenge to the discretionary aspect of sentence requires the appellant to include a Pa.R.A.P. 2119(f) statement of the reasons why the challenge raises a substantial question appropriate for appellate review. White did not include a Rule 2119(f) statement. However, the Commonwealth did not object to that failure, and, in fact, agrees that the sentence must be amended. We will not find waiver of the issue. In addition, because the sentencing court correctly acknowledged it mistakenly failed to merge certain crimes, that is a non-waivable legality of sentence issue.

*Walker*, 390 Pa.Super. 76, 568 A.2d 201 (1989), *disapproved of on other grounds by* **Commonwealth v. Robinson**, 931 A.3d 15, 20-22 (Pa. Super. 2007) (*en banc*). In **North Carolina v. Pearce**, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds by* **Alabama v. Smith**, 490 U.S. 794, 109 S.Ct. 2201, 104 L.ed.2d 865 1989), the United States Supreme Court remarked:

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
>
> In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant *after a new trial*, the *reasons for his doing so must affirmatively appear*. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

**Pearce**, 395 U.S. at 725-26, 89 S.Ct. 2072, (footnote omitted) (emphasis added). Although **Pearce** dealt with an increased sentence following the grant of a new trial, we have held that **Pearce's** rationale for providing reasons on the record applies also when the original sentence is vacated and a second sentence is imposed without an additional trial. **See Commonwealth v. Greer**, 382 Pa.Super. 127, 554 A.2d 980, 987 n.7 (1983) (noting that **Pearce** applies to harsher sentence imposed by trial court after trial court granted post-trial request for resentencing). Thus, under **Pearce**, whenever a trial court imposes upon a defendant a more severe sentence following resentencing, the reasons for such sentence must be made a part of the record. "Absent evidence [that] a sentencing increase is justified due to objective information concerning a defendant's case, the presumption of

vindictiveness cannot be rebutted." ***Commonwealth v. Serrano***, 727 A.2d 1168, 1170 (Pa. Super. 1999).

***Commonwealth v. Barnes***, 167 A.3d 110, 123-24 (Pa. Super. 2017) (*en banc*) (footnotes omitted) (emphasis in original).

***Barnes*** makes it apparent that White's sentence imposed on January 26, 2018, whether the maximum sentence is 22 years, 24 years or 34 years, is improper as the court imposed a lengthier sentence than originally imposed, without providing any objective information supporting the sentencing increase. Accordingly, we are compelled to vacate White's January 26, 2018 sentence pursuant to ***Barnes***.

Furthermore, as noted previously, the trial court did not address White's claims regarding payment of fees and costs at resentencing. The court may not re-impose the routine costs and fees incurred in resentencing when that resentencing was occasioned by changes in the law or imposition of an illegal sentence. ***See Commonwealth v. Lehman***, 201 A.3d 1279 (Pa. Super. 2017).[12] We see nothing in the prior decisions of this Court in this matter, to suggest fees and costs were vacated; the cases were simply remanded for resentencing pursuant to the dictates of ***Alleyne***. Therefore, any duplicative

---

[12] Our Supreme Court has accepted ***Lehman*** for review, limited to the question of whether charging the cost of expert testimony in a contested resentencing is allowable. ***See Commonwealth v. Lehman***, 215 A.3d 967 (Pa. 2019) (Table). Such costs do not appear to be at issue herein.

fees and costs previously imposed are vacated. The court may not impose such routine fees and costs upon the instant remand and resentencing.[13]

The court also failed to address White's claim he was not properly credited with time served. We cannot determine the merits of this claim based upon the certified record before us. Upon remand, the sentencing court will, undoubtedly, take care to ensure White is properly credited for any and all time served he is legally entitled to.

White's last unaddressed issue involved a claim the court improperly issued concurrent one-year probationary sentences although he had already completed said probation. We do not understand the substance of this claim and cannot address it. However, because White is to be resentenced upon remand, which may well include some aspect of probation, the court is permitted to restructure White's sentence, as it sees fit, to preserve the integrity of the original sentence. *See Commonwealth v. Fields*, 197 A.3d 1217 (Pa. Super. 2018) (*en banc*).

Finally, at resentencing, the court shall clarify the contradictions found in the certified record concerning the original sentences issued in 2013. Specifically, the contradictions noted above regarding the aggregate sentence as announced in open court and as found in the written 2013 sentencing

_____

[13] If the certified record is incomplete and the original costs and fees were vacated, the sentencing court may re-impose that which it was originally entitled.

forms. This is necessary as the original sentence provides the baseline for comparison for subsequent resentencing.

Judgment of sentence is vacated. This matter is remanded for action consistent with this decision and for resentencing. Jurisdiction relinquished.

Judge Kunselman joins this memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/19