J-A24013-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHANIE LOUISE FLETCHER | : | |
| | : | |
| Appellant | : | No. 1300 WDA 2019 |

Appeal from the Judgment of Sentence Entered July 26, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005007-2016

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: FILED OCTOBER 07, 2020

Appellant, Stephanie Louise Fletcher, appeals from the judgment of sentence of five to ten years' incarceration, followed by three years' probation, imposed after her probation was revoked due to her committing a new criminal offense. Appellant challenges the legality and discretionary aspects of her sentence on appeal. After careful review, we vacate Appellant's judgment of sentence and remand for further proceedings.

On January 18, 2017, Appellant pled guilty to possession of a firearm by a person prohibited, 18 Pa.C.S. § 6105, and possession of a controlled substance, 35 P.S. § 780-113(a)(13). She was sentenced to serve a term of incarceration of one year less one day, to two years less two days. The court also imposed a consecutive term of probation. Appellant was ultimately released on parole, and she began serving her term of probation.

While on probation, Appellant was arrested and convicted of retail theft. On July 26, 2019, the court held a probation revocation hearing in the present case. At the close thereof, the court revoked Appellant's probationary sentence and resentenced her to the above-stated, aggregate term of incarceration and probation. In its sentencing order, the court set forth that Appellant would receive 406 days' credit for time served.

Appellant thereafter filed a timely notice of appeal, and she also filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. However, on September 4, 2019, Appellant also filed an untimely, pro se motion for reconsideration of her sentence, contending, inter alia, that the court had failed to give her full credit for time she had served in this case. On October 24, 2019, the court filed a corrected sentencing order, affording Appellant credit for the time served that she requested in her post-sentence motion. Additionally, the court filed a Rule 1925(a) opinion on November 21, 2019.

Herein, Appellant states two issues for our review, which we reorder for ease of disposition:

> 1. Was the [five] to [ten] year probation violation sentence imposed on Appellant manifestly excessive, given that the conviction that violated her probation was a low-level offense (retail theft), given that she suffered from both Bipolar Disorder and drug addiction, and given that her successful rehabilitative efforts while in the Allegheny County Jail suggested that a lesser confinement sentence was appropriate?
>
> 2. Was the [five] to [ten] year probation violation sentence imposed on Appellant for a second[-]degree felony an[] illegal sentence, pursuant to Commonwealth v. Infante, 63 A.3d 358

(Pa. Super. 2013), and Commonwealth v. Williams, 662 A.2d 658 (Pa. Super. 1995), owing to the … court's failure to credit Appellant for all time spent in custody in her case?

Appellant's Brief at 5 (unnecessary capitalization omitted).

Appellant's first issue challenges the discretionary aspects of her sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. Commonwealth v. Sierra, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

>> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

> Commonwealth v. Evans, 901 A.2d 528, 533 (Pa. Super. 2006), appeal denied, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. Commonwealth v. Mann, 820 A.2d 788, 794 (Pa. Super. 2003), appeal denied, 574 Pa. 759, 831 A.2d 599 (2003).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. Commonwealth v. Paul, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Sierra, supra at 912–13.

Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010)).

In this case, Appellant filed a timely notice of appeal, and she has included a Rule 2119(f) statement in her brief. Therein, she contends that her sentence is manifestly excessive because: her criminal history involves mostly non-violent crimes; the crime she committed while on probation was retail theft; she has mental health and drug addiction issues; "[s]he demonstrated during her pre-violation confinement, the ability to do well while on probation"; and "there [is] little need to protect the public from her." Appellant's Brief at 15. However, our review of the record confirms that Appellant did not preserve this sentencing claim in a timely-filed post-sentence. As set forth, supra, Appellant was sentenced on July 26, 2019, yet she did not file a motion for reconsideration of her sentence until September 4, 2019. Moreover, that motion was filed pro se, despite that Appellant was represented by counsel, and it was also filed after counsel had filed a notice of appeal. Therefore, Appellant failed to preserve her sentencing claim for our review.[1]

_____

[1] In any event, we would conclude that no sentencing relief is due for the reasons set forth by the trial court in its Rule 1925(a) opinion. See Trial Court Opinion (TCO), 11/21/19, at 6-16. Therein, the court explains that, despite Appellant's lengthy criminal history, it had originally given her a lenient sentence to provide her with one last opportunity to rehabilitate herself. The court repeatedly warned Appellant that this was her final chance to change and that, if she reoffended, it would impose a lengthy sentence of incarceration. Appellant ignored these warnings and committed a new crime

In Appellant's second sentencing claim, she avers that the court imposed an illegal sentence by not giving her full credit for time she has served in this case. In the court's Rule 1925(a) opinion, it concedes that it erred in this regard, but concludes that Appellant's issue on appeal is moot because it "entered an order to rectify that error on September 27, 2019...."[2] TCO at 16. Appellant, however, insists that the amended sentencing order is a legal nullity — and, thus, her sentence remains illegal — because she filed a notice of appeal on August 23, 2019. Appellant avers that her filing of an appeal divested the trial court of jurisdiction to enter the corrected sentencing order.

We are compelled to agree with Appellant. Initially, we observe that a question "regarding the power of courts to correct allegedly illegal sentencing orders absent jurisdiction pursuant to 42 Pa.C.S. § 5505 or the [Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546,] is a question of law. Accordingly, our scope of review is plenary and our standard of review is de novo." Commonwealth v. Holmes, 933 A.2d 57, 65 (Pa. 2007) (citation omitted). Additionally, we have explained that,

_____

while serving her probation in this case. Consequently, the court resentenced her to the lengthy term of imprisonment it had promised. Given these circumstances, we would discern no manifest abuse of discretion in the court's decision. See Commonwealth v. Shugars, 895 A.2d 1270, 1275 (Pa. Super. 2006) ("Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.").

[2] The docket indicates that the court's amended sentencing order was filed on October 24, 2019, not September 27, 2019.

> "[t]rial courts have the power to alter or modify a criminal sentence within thirty days after entry, if no appeal is taken." Commonwealth v. Quinlan, … 639 A.2d 1235, 1238 ([Pa. Super.] 1994) (citing 42 Pa.C.S.[] § 5505). "Generally, once the thirty-day period is over, the trial court loses the power to alter its orders." Id. (citation omitted). Once an appeal is taken, the trial court loses jurisdiction to modify its sentence. Id. (citing Pa.R.A.P. 1701(a)).
>
> "Exceptions to these general rules exist …." Id. The court has the inherent power "to modify a sentence in order to amend records, to correct mistakes of court officers or counsel's inadvertencies, or to supply defects or omissions in the record…." Id. at 1239 (citation omitted). "This inherent power of the court to correct obvious and patent mistakes is not eliminated by the expiration of the thirty-day appeal period." Id. (citation omitted).

Commonwealth v. Johnson, 860 A.2d 146, 152 (Pa. Super. 2004) (citation omitted; emphasis added), disapproved of on other grounds by Commonwealth v. Robinson, 931 A.2d 15 (Pa. Super. 2007) (en banc).

In Commonwealth v. Klein, 781 A.2d 1133 (Pa. 2001), our Supreme Court found that the trial court had the power to correct a time-credit error in its original sentencing order, even though it no longer had jurisdiction over Klein's case. There, at the sentencing hearing,

> the trial court made clear that its intent was that [Klein] would serve one month in prison. In order to accomplish this, it sentenced [Klein] to time served, 33 days, to twelve months based upon the erroneous record supplied by the York County prison. It then corrected this mistake at the June 30th [re]sentencing hearing, by essentially issuing the same sentence, but crediting [Klein] with only one day for time served.

Id. at 1135. Our Supreme Court held that, "[w]hile normally a court would not be permitted to take such action once it was divested of jurisdiction pursuant to [42 Pa.C.S.] § 5505, we find that under the limited circumstances

of this case, the court could take further action in this matter since it was merely correcting a patent defect or mistake in the record." Id.

In this case, unlike in Klein, there was no patent or obvious error in the court's July 26, 2019 sentencing order. Therein, the court provided Appellant 406 days' credit for time previously served, which correlated with the information provided to the court at Appellant's sentencing hearing. See N.T. Revocation/Resentencing, 7/29/19, at 16. Thus, when the court amended the sentencing order to change Appellant's time-credit to 772 days, it was not correcting a patent mistake in the record or an obvious error in its original sentencing order. Instead, it was wholly changing Appellant's sentence, seemingly in light of the information provided by Appellant in her untimely, pro se post-sentence motion. We must agree with Appellant that the court's effort to change her time-credit, where it lacked jurisdiction over her case, exceeded its inherent power to correct patent and obvious mistakes in the sentencing order.

Accordingly, Appellant's sentence is illegal to the extent that she has not been afforded full credit for time served. See Commonwealth v. Gibbs, 181 A.3d 1165, 1166 (Pa. Super. 2018) ("A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence."). Therefore, while we reject Appellant's claim that her sentence is manifestly excessive, we vacate her judgment of sentence and remand for the court to issue a new sentencing order that sets forth the correct amount of credit for time served by Appellant.

Judgment of sentence vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2020