J-S22041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE E. CRUZ | : | |
| | : | |
| Appellant | : | No. 748 MDA 2024 |

Appeal from the PCRA Order Entered April 19, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000748-2019

BEFORE:   LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:　　　　　**FILED AUGUST 15, 2025**

Appellant, Jose E. Cruz, appeals from the order entered in the Court of Common Pleas of Schuylkill County on April 19, 2024, dismissing his untimely, second petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After review, we affirm.

The relevant facts and procedural history, as summarized by the trial court, are as follows:

> By way of background on February 2, 2021, Appellant entered a general plea of guilty to the following crimes: Count 1, Persons Not to Possess a Firearm; Count 2, Firearms Not to be Carried Without a License; Count 3, Possession with Intent to Deliver; Count 4, Possessing Instrument of Crime; Count 5, Resisting Arrest; Counts 6 through 10, Recklessly Endangering Another Person; Count 11, Possession of a Controlled Substance; and, Count 12, Possession of Drug Paraphernalia. On March 18, 2021, the Honorable William Baldwin sentenced Appellant to an

_____

[*] Former Justice specially assigned to the Superior Court.

aggregate confinement sentence of not less than ten and one-quarter years to not more than twenty and one-half years in a state correctional institution.

On January 18, 2022, Appellant timely filed a *pro se* motion under Pennsylvania's Post-Conviction Relief Act (PCRA), 42 Pa.C.S.[A.] §§9541. The undersigned denied Appellant's first PCRA by Order dated August 9, 2022. Appellant appealed to the Superior Court of Pennsylvania on September 12, 2022. The Superior Court affirmed the trial court on May 2, 2023, in a non-precedential decision in **Commonwealth v. Cruz**, 296 A.3d 624 (Pa.Super. 2023).

Appellant then filed his second PCRA Petition on March 18, 2024, which the Court dismissed on April 19, 2024, due to Appellant raising previously litigated claimed errors. Appellant's second PCRA was also untimely having been filed more than one year since the date his judgment became final. 42 Pa.C.S.A. § 9545. He now appeals the dismissal of his second PCRA. On June 17, 2024, he filed a Statement of Matters Complained of on Appeal.

Tr. Ct. Op. at 1-2. The trial court filed its 1925(a) opinion on June 21, 2024.

This appeal follows.

Initially, we note that Appellant filed his notice of appeal on May 23, 2024—several days beyond the thirty-day period within which Appellant could appeal the April 19, 2024, order. The timeliness of an appeal implicates this Court's jurisdiction, and we may not address the merits of an appellant's issues if his appeal is untimely. **Coulter v. Ramsden**, 94 A.3d 1080, 1084 (Pa. Super. 2014), appeal denied, 110 A.3d 998 (Pa. 2014). It is well settled that

a notice of appeal must be filed within [30] days of the disputed order. Pa.R.A.P. 903(a). Specifically, Rule 903(a) provides that "the notice of appeal . . . shall be filed within 30 days after the

entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

*Id.* at 1084.

We recognize that Appellant is a *pro se* inmate. "Under the prisoner mailbox rule, a *pro se* appeal by a prisoner is deemed filed as of the date it is delivered to prison authorities or placed in the institutional mailbox." ***Commonwealth v. Johnson***, 860 A.2d 146, 149 (Pa. Super. 2004). In determining the date of filing pursuant to the prisoner mailbox rule, the appellate courts are "inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with prison authorities." ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa. Super. 2002).

Here, Appellant had until Monday, May 20, 2024 to timely file his notice of appeal from the order dismissing his PCRA petition. He dated by hand the certificate of service attached to his notice of appeal as "May 17, 2024." However, the printed U.S. postage stamp on the envelope is dated May 21, 2024. This Court cannot determine if the date printed on the envelope corresponds to the date the mail was processed or the date the postage was purchased, and Appellant has not provided reasonably verifiable evidence of when he delivered the notice of appeal to prison authorities.

Nevertheless, we decline to quash this appeal. ***See Commonwealth v. Patterson***, 931 A.2d 710, 714 (Pa. Super. 2007) (declining to quash appeal as untimely when notice of appeal was filed three days after deadline by *pro se*, incarcerated appellant, even though the record lacked a postmarked

envelope definitively noting the date of mailing); ***see also Commonwealth v. McMillian***, 245 A.3d 1045, *2, 2020 Pa. Super. Unpub. LEXIS 3764 (Pa. Super. 2020) (citation omitted) (non-precedential decision) (explaining "[w]hen the filing is received by the relevant court only a few days after the expiration of the filing period, this Court assumes, without remanding for an evidentiary hearing, that the *pro se* filing must have been submitted to prison authorities by the last day of the filing period"); ***see also Commonwealth v. Johnson***, 326 A.3d 454, *6 n.2, 2024 Pa. Super. Unpub. LEXIS 2073 (Pa. Super. 2024) (non-precedential decision) (assuming that the *pro se* appellant mailed or delivered the appeal to prison authorities within the appeal period when it was docketed only one day late).[1]

Having found this appeal timely, we next address whether Appellant properly preserved his issues for appeal. Appellant raises three issues in his brief that he would like this Court to review:

> 1. Whether the lower court erred in denying appellant's PCRA without conducting an evidentiary hearing to afford appellant an opportunity to provide evidence, even after appellant asked to amend his PCRA errors?
>
> 2. Whether the District Attorney Office and the Prosecutor, (Pennsylvania State Police Officer – Matthew Tonitis) suppressed material evidence upon appellant's request?

---

[1] We note that, pursuant to Pa.R.A.P. 126(b), unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. We find guidance in the unpublished memoranda cited ***supra*** and find them to be persuasive in this matter.

3. Whether the outcome of the lower courts trial proceedings resulted differently had the prosecution disclosed Brady material?

Appellant's Br. at 3 (suggested answers omitted).

It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Here, Appellant's 1925(b) statement includes three confusing paragraphs that do not correspond to the issues raised in his brief. An appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. *See* Pa.R.A.P. 1925(b)(4)(ii). When a court has to guess what issues an appellant is appealing, there can be no meaningful review. *Id.* at 686.

The trial court, finding all of Appellant's issues waived, stated as follows:

First, it is difficult for this [c]ourt to ascertain what matters Appellant is complaining of on appeal because his statement, rather than being concise, consists of two run-on paragraphs and a third paragraph that states "see letter attached…" A typed letter is attached "to whom it may concern" with a lengthy, nearly page[-]long run-on paragraph. At the outset, Appellant's filing clearly fails to conform to Pa.R.A.P. 1925(b)(4)[.] . . .

The undersigned is unable to discern the issues Appellant wishes to raise on appeal because he has failed to concisely identify any particular errors with sufficient detail in a non-redundant and non-lengthy manner violative of Pa.R.A.P. 1925(b). We cannot readily respond because he fails to clearly allege our errors of law or abuse of discretion. Appellant fails to identify with sufficient specificity how, or in what manner this court erred.

Tr. Ct. Op. at 2.[2]

Our review of Appellant's 1925(b) statement reveals that in his first paragraph, he admits that he is "raising the same issues [as] in prior P.C.R.A." but that instead of claiming his attorney erred, he "meant to put the name of the judge for failing to have me evaluated for competency due to attempting suicide[.]" Even if the alleged error was coherent, Appellant abandoned this issue in his brief. Accordingly, it is waived.

His second paragraph asserts that the PCRA court erred in denying his petition without a hearing in light of exculpatory evidence under *Brady*[3] that he discovered. This corresponds to the first and third issues in Appellant's brief.

Appellant's third paragraph refers to an attached letter wherein he asserts that he found newly-discovered evidence and that he would not have pled guilty had he known about it. Appellant does not state what that evidence is. He also states that he did not intend to raise the same issues that were previously litigated, but that he copied and pasted from his first PCRA petition which caused the repeated error. He states that before he was arrested, he

_____

[2] The trial court's order directing Appellant to file a statement pursuant to Pa.R.A.P. 1925(b) complies with Rule 1925(b)(3) and accurately directs Appellant to serve the statement on the Honorable Christina E. Hale at the courthouse address. The order further states "Failure to comply with this directive or failure to properly include an issue in the statement shall be viewed as a waiver of the issue or objections to the order, ruling, or other matter complained of." Tr. Ct. 1925(b) Order, 5/30/24, at 1.

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

- 6 -

attempted suicide, so the trial court should have ordered a psychological evaluation and his counsel failed in not raising an insanity defense on the same basis. Finally, he requests the opportunity to amend his second PCRA petition before he is "time-barred." **See** Appellant's Letter, 6/3/24. The form of Appellant's attached letter violates Pa.R.A.P. 1925(b)(iv) which states that an appellant's concise statement "should not be redundant or provide lengthy explanations as to any error." Accordingly, even if any discernable issue listed in Appellant's letter was coherently alleged, it is waived.

We find that the only issue Appellant preserved is his challenge to the trial court's denial of his PCRA petition without a hearing. When examining a post-conviction court's grant or denial of relief, this Court's review is limited to determining whether the PCRA court's findings are supported by the record, and its order is otherwise free of legal error. **Commonwealth v. Patterson**, 690 A.2d 250 (Pa. Super. 1997). The findings of the PCRA court will not be disturbed unless they lack support from the record. **Commonwealth v. McClucas**, 548 A.2d 573 (Pa. Super. 1988). Before addressing Appellant's issue on appeal, we must determine whether his PCRA petition was timely filed and, if not, whether he has satisfied an exception to the PCRA time bar.

Any PCRA petition "shall be filed within a year of the date judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania,

or at the expiration of time for seeking review." *Id.* at 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant pled guilty on February 2, 2021 and was sentenced on March 18, 2021. He did not file a direct appeal. Accordingly, his judgment of sentence became final on April 18, 2021, the date on which the time to file a direct appeal expired. Thus, Appellant had until April 18, 2022 to file a timely PCRA petition. Consequently, Appellant's instant PCRA petition, filed March 18, 2024, is patently untimely.

Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Those three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).

"The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017).

Here, Appellant does not address the timeliness of his petition in his appellate brief and fails to plead or prove any exception. He purports to have discovered new evidence of ***Brady*** violations in his criminal matter during the discovery phase of a civil action he filed. Appellant's Br. at 10. However, he states in his brief that he received the evidence through discovery on March 17, 2023. Appellant's Br. at 6. Appellant filed the instant petition on March 18, 2024, more than one year later. Thus, even if Appellant had properly invoked the exception under section 9545(b)(1)(ii), his petition was not filed within one year of the date the claim could have been presented. The trial court therefore was without jurisdiction, and Appellant's PCRA petition was properly dismissed.

Order Affirmed.


Judgment Entered.


_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 08/15/2025